UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| AMERGENT HOSPITALITY GROUP, INC.; | § | Case No. 24-42483-MXM-11 |
| et al., | § | (Jointly Administered) |
| | § | Chapter 11 |
| Debtors. | § | |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

Amergent Hospitality Group, Inc. and its debtor affiliates (collectively "AGHI" or the "Debtors"), as debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") have filed their respective Schedules of Assets and Liabilities ("**Schedules**") and Statements of Financial Affairs (the "**Statements**" and, collectively with the Schedules, the "**Schedules and Statements**") in the United States Bankruptcy Court for the Northern District of Texas (the "**Court**"). The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

While the Debtors' management has made commercially reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information available at the time of preparation, the Debtors' management and their legal and financial advisors have not completed their due diligence and investigation into the matters that are the subject of these Schedules and Statements. While the Schedules and Statements are being filed at this time, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors, inaccuracies, or omissions may have occurred. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statements are complete. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to the description of any claim (as defined in section 101(5) of the Bankruptcy Code, "**Claim**"), its description or designation, or the Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" object to the extent, validity, enforceability, priority, or avoidability of any Claim; or the identify additional transactions or information not currently set forth in the Statements. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not

1

constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Nothing contained in the Schedules and Statements shall constitute a waiver of any right of the Debtors or an admission with respect to their Chapter 11 Cases (including, but not limited to, issues involving claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers).

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that the Debtors were able to ascertain at the time of such preparation. Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements under the circumstances, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. For the avoidance of doubt, the Debtors hereby reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate and anticipate that amendments or supplements to the  Schedules and Statements, which could include material amendments or supplements, are likely.

The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and will not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law. In no event will the Debtors or their agents, attorneys and/or financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

Mr. Mike Pruitt, Chief Executive Officer ("**CEO**") of AGHI, has signed each set of the Schedules and Statements. Mr. Pruit is an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Pruitt has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' legal and financial advisors. Mr. Pruitt has not (and could not have) personally verified the accuracy of each such statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors or transfers made by the Debtors.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

2

These *Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements. The Global Notes should be referred to and considered in connection with any review of the Schedules and Statements. In the event that the Schedules and/or Statements differ from these Global Notes, the Global Notes control.

## **GLOBAL NOTES AND OVERVIEW OF METHODOLOGY**

1. **Voluntary Bankruptcy Cases**. On July 18, 2024 (the "**Petition Date**"), AGHI Holding Company and its affiliate debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 24, 2024, the Court entered an order in the lead case, *In re Amergent Hospitality Group, Inc.* [Case No. 24-42483], directing procedural consolidation and joint administration of these Chapter 11 Cases [Docket No. 38]. Notwithstanding the joint administration of the Debtors' Chapter 11 Cases for procedural purposes, each Debtor has filed its own Schedules and Statements. The information provided herein, except as otherwise noted, is reported as of the close of business on the Petition Date.

2. **Global Notes Control.** In the event that the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

3. **Basis of Presentation.** For financial reporting purposes, prior to the Petition Date, the Debtors did not prepare separate financial statements for each Debtor. Combining the assets and liabilities set forth in the Schedules and Statements would result in amounts that may be different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("**GAAP**"). Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Debtors. Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time prior to the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

4. **Reservations and Limitations.** While commercially reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements from time to time as is necessary or appropriate. Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with

respect to these Chapter 11 Cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

5.      **No Admission.** Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

**GENERAL DISCLOSURES APPLICABLE TO SCHEDULES AND STATEMENTS**

1.      **Causes of Action.** Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

2.      **Recharacterization.** The Debtors have made commercially reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, the Debtors may have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' business. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

3.      **Claim Designations.** Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent,"

4

"unliquidated," or "disputed." Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate. Listing a claim does not constitute an admission of liability by the Debtors.

4.      **Unliquidated Claim Amounts.** Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

5.      **Undetermined Amounts.** The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

6.      **Other Paid Claims.** To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Bankruptcy Court approval. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

7.      **Valuation.** It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. For these reasons, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined or unknown. Accordingly, unless otherwise indicated, net book values as of July 18, 2024, are reflected on the Schedules and Statements. Exceptions to this include operating cash and certain other assets. Operating cash is presented as the end of day bank balance as of the Petition Date. Certain other assets, such as intangible assets, are listed at undetermined amounts, as the net book values may differ materially from fair market values. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements. Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset. Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date.

8.      **Liabilities.** The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

9. **Excluded Assets and Liabilities.** The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including without limitation, accrued salaries, employee benefit accruals and accrued accounts payable. In addition, the Debtors may have excluded amounts for which the Debtors have paid or have been granted authority to pay pursuant to an order that may be entered by the Bankruptcy Court. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage claims exist. In addition, certain immaterial assets and liabilities may have been excluded.

10. **Confidential or Sensitive Information.** There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to the nature of an agreement between a Debtor and a third party, local restrictions on disclosure, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual. The alterations will be limited to only what is necessary to protect the Debtor or third party.

11. **Duplication.** Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

12. **Leases.** The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule F of the Schedules.

13. **Contingent Assets.** The Debtors may possess certain claims and causes of action against various parties. Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. The Debtors, despite commercially reasonable efforts, may not have identified and/or set forth all of their causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims. Additionally, prior to the Petition Date, each Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages.

14. **Guarantees and Other Secondary Liability Claims.** The Debtors have used commercially reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "**Guarantees**") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where such Guarantees have been identified, they have been included in the relevant Schedule H for the Debtor or Debtors affected by such Guarantees. However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been

inadvertently omitted. Thus, the Debtors reserve all of their rights to amend the Schedules to the extent that additional Guarantees are identified.

15. **Intellectual Property Rights.** Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by the other. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

16. **Executory Contracts.** Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

17. **Liens.** Any inventories, property, or equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such inventories, property, and equipment.

18. **Estimates.** To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtors reserve all rights to amend the reported amounts of assets and liability to reflect changes in those estimates or assumptions.

19. **Fiscal Year.** Each Debtor's fiscal year ended on or about December 31.

20. **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars.

21. **Property and Equipment.** Unless otherwise indicated, owned property and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. Any such leases are set forth in the Schedules and Statements on Schedule G. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

22. **Claims of Third-Party Related Entities.** While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to same. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

7

23. **Umbrella or Master Agreements.** Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with one or both of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.

24. **Credits and Adjustments.** The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

25. **Setoffs.** The Debtors incur certain setoffs and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their suppliers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules.

26. **Insiders.** In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals or related party entities who the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for: (1) the purposes of determining (a) control of the Debtors; (b) the extent to which any individual exercised management responsibilities or functions; (c) corporate decision-making authority over the Debtors; or (d) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability; or (2) any other purpose.

27. **Payments.** Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their businesses (the "**Cash Management System**"), as described in the Cash Management Motion. Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, if appropriate.

28. **Totals.** All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the

materiality of such amount. To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

**SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' SCHEDULES**

1. Specific Notes Regarding Schedule A/B

   (a) **Schedule A/B, Parts 1 and 2 – Cash and Cash Equivalents; Deposits and Prepayments.**

   The Debtors have disclosed the net book value with respect to accounts receivable listed on Schedule A/B11, which represent the amount of the accounts receivable netted by any "doubtful accounts." For purposes of Schedule A/B11, "doubtful accounts" are those accounts that the Debtors have identified as unlikely to be paid given the amount of time such accounts have been outstanding.

   The Debtors are required to make deposits from time to time with various vendors and service providers in the ordinary course of business. The Debtors have exercised commercially reasonable efforts to report the current value of any deposits. The Debtors may have inadvertently omitted deposits and conversely may have reported deposits that are no longer outstanding. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if deposits are incorrectly identified.

   (b) **Schedule A, Item 3 – Bank Accounts**

| Entity/Store | Depository Institution | Redacted Account# | Purpose |
|---|---|---|---|
| Amergent Hospitality Group, Inc. | Towne Bank | ***648 | Operating/Garnished Prepetition/Discontinued use |
| I10/I20 Cuisine LLC (West Loop) | JP Morgan Chase | ***091 | Store Deposit/Operations |
| I10/I20 Cuisine LLC (Woodridge) | JP Morgan Chase | ***182 | Store Deposit/Operations |
| I10/I20 Cuisine LLC (Willowbrook) | JP Morgan Chase | ***232 | Store Deposit/Operations |
| LBB Acquisition, LLC | Key Bank | No Prepetition Acct. | |
| LBB Acquisition 1 LLC | Key Bank | No Prepetition Acct. | |
| LBB Platform LLC | Key Bank | ***859 | Store Deposit/Operations |
| LBB Franchising LLC | Key Bank | ***958 | Store Deposit/Operations |
| LBB Lake Oswego LLC (Lake Oswego) | Key Bank | ***883 | Store Deposit/Operations |
| LBB Progress Ridge LLC (Progress Ridge) | Key Bank | ***867 | Store Deposit/Operations |

9

| Cuarto LLC (Eugene) | Key Bank | ***750 | Store Deposit/Operations |
|---|---|---|---|
| Noveno LLC (Alberta) | Key Bank | ***834 | Store Deposit/Operations |
| Quinto LLC (Division) | Key Bank | ***792 | Store Deposit/Operations |
| Sexto LLC (Waterfront) | Key Bank | ***800 | Store Deposit/Operations |

### (a) Schedules B – Balance Sheet Assets and Intercompany Receivables

| Assets | AHGI | I10/I20 | LBBA | LBBA1 | Platform | Lake Oswego | ProgRidge | Alberta | Division | Waterfront | Eugene |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Bank Accounts | 20,097 | 16,808 | | | 8,434 | 7,405 | 9,011 | 8,486 | 6,929 | 6,331 | 7,673 |
| Accounts Receivable | 769,650 | 30,624 | | | 4,737 | 6,562 | 3,012 | 4,261 | 5,758 | 5,000 | 5,945 |
| Inventory | | 55,003 | | | 6,154 | 4,289 | 6,549 | 4,956 | 2,839 | 3,660 | 4,429 |
| Furniture, Fixtures and Equipment | | 50,000 | | | 20,000 | 20,000 | 20,000 | 20,000 | 20,000 | 20,000 | 20,000 |
| Prepaid Expenses | 273,562 | 8,881 | | | 5,447 | | | | | | |
| Deposits | | 35,000 | | | | 4,713 | 7,910 | 3,602 | 2,546 | | 1,814 |
| Office Furniture | | | | | | | | | 7,506 | 9,699 | 4,425 |
| | | | | | | | | | | | |
| TOTAL ASSETS | 1,063,309 | 196,316 | - | - | 44,772 | 42,969 | 46,482 | 41,305 | 45,578 | 44,690 | 44,286 |
| Net Intercompany Receivables | 4,139,119 | 545,659 | (2,645,051) | (179,464) | 555,320 | (244,112) | 522,590 | 914,063 | 700,394 | 272,689 | 677,163 |

### (b) Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.

Ownership interests in subsidiaries and affiliates have been listed below in Schedule A/B, Part 4 as undetermined. The Debtors make no representation as to the value of their ownership of a subsidiary as the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

| Entity | Jurisdiction of Incorporation | Percent owned |
|---|---|---|
| American Roadside Burgers, Inc. | DE, USA | 100 |
| American Burger Ally, LLC | NC, USA | 100 |
| American Burger Morehead, LLC | NC, USA | 100 |
| American Burger Prosperity, LLC | NC, USA | 50 |
| American Roadside Burgers Smithtown, Inc. | DE, USA | 100 |
| BGR Acquisition, LLC | NC, USA | 100 |
| BGR Franchising, LLC | VA, USA | 100 |
| BGR Operations, LLC | VA, USA | 100 |
| BGR Acquisition 1, LLC | NC, USA | 100 |
| BGR Annapolis, LLC | MD, USA | 100 |
| BGR Arlington, LLC | VA, USA | 46 |
| BGR Columbia, LLC | MD, USA | 100 |

10

| | | |
|---|---|---|
| BGR Michigan Ave, LLC | DC, USA | 100 |
| BGR Mosaic, LLC | VA, USA | 100 |
| BGR Old Keene Mill, LLC | VA, USA | 100 |
| BGR Washingtonian, LLC | MD, USA | 46 |
| Capitol Burger, LLC | MD, USA | 100 |
| BT Burger Acquisition, LLC | NC, USA | 100 |
| BT's Burgerjoint Rivergate LLC | NC, USA | 100 |
| BT's Burgerjoint Sun Valley, LLC | NC, USA | 100 |
| LBB Acquisition, LLC | NC, USA | 100 |
| Cuarto LLC (Eugene) | OR, USA | 100 |
| LBB Acquisition 1 LLC | OR, USA | 100 |
| LBB Hassalo LLC | OR, USA | 80 |
| LBB Platform LLC | OR, USA | 80 |
| LBB Capitol Hill LLC | WA, USA | 50 |
| LBB Franchising LLC | NC, USA | 100 |
| LBB Green Lake LLC | OR, USA | 50 |
| LBB Lake Oswego LLC | OR, USA | 100 |
| LBB Magnolia Plaza LLC | NC, USA | 50 |
| LBB Multnomah Village LLC | OR, USA | 50 |
| LBB Progress Ridge LLC | OR, USA | 50 |
| LBB Rea Farms LLC | NC, USA | 50 |
| LBB Wallingford LLC | WA, USA | 50 |
| LBB Downtown PDX LLC | WA, USA | 100 |
| Noveno LLC (Alberta) | OR, USA | 100 |
| Octavo LLC | OR, USA | 100 |
| Primero LLC | OR, USA | 100 |
| Quinto LLC (Division) | OR, USA | 100 |
| Segundo LLC | OR, USA | 100 |
| Septimo LLC | OR, USA | 100 |
| Sexto LLC (Waterfront) | OR, USA | 100 |
| LBB University of Oregon LLC | OR, USA | 100 |
| Jantzen Beach Wings, LLC | OR, USA | 100 |
| Oregon Owl's Nest, LLC | OR, USA | 100 |
| I10/I20 Cuisine LLC | TX, USA | 100 |
| Pie Squared Holdings LLC | DE, USA | 100 |
| PizzaRev Franchising LLC | DE, USA | 100 |
| Pie Squared Pizza LLC | CA, USA | 100 |

| | | |
|---|---|---|
| Pie Squared Austin LLC | DE, USA | 100 |
| PizzaRev IP Holdings LLC | DE, USA | 100 |
| Spark Team Associates LLC | NC, USA | 100 |

**(c)   Schedules A/B Part 9 – Real Property**

| Landlord | Debtor | Location |
|---|---|---|
| Pin Oak Center LTD<br>8554 KATY FREEWAY #301<br>Houston TX 77024 | I10-I20 Cuisine, LLC | BCK West Loop |
| Willowbrook I Shopping Center LLC<br>6372 Santa Monica Blvd<br>Los Angeles CA 90038 | I10-I20 Cuisine, LLC | BCK Willowbrook |
| Houston Gulfgate Partners LP<br>PO BOX 203354<br>Dallas TX 75320-3354 | I10-I20 Cuisine, LLC | BCK Woodridge |
| BFO 45 LTD<br>8554 Katy Freeway #301<br>Houston TX 77024 | I10-I20 Cuisine, LLC | BCK Fuqua |
| DKOOP Properties, LLC<br>5745 SW Arrowwood Ln<br>Portland OR 97225 | AHGI | Jaybee's Chicken Palace |
| PDX Metro Commercial, LLC<br>2105 NE Cesar E Chevez Blvd<br>Portland OR 97212 | Noveno LLC | LBB Alberta |
| Courtside - UCAL, LLC<br>1425 Villard St<br>Eugene OR 97403 | Cuarto LLC | LBB Eugene |
| RREEF AMERICA REIT  II CORP GG<br>19350 NW Emma Way<br>Hillsboro, OR 97124<br>200 Crescent Crt #510,<br>Dallas, TX 75201 | LBB Lake Oswego LLC | LBB Lake Oswego |
| BPP Holland Hub 9 LLC<br>808 Washington Street, Suite 500<br>Vancouver, WA 98660 | LBB Platform LLC | LBB Platform |
| DSRG LP<br>PO Box 664001<br>Dallas TX 75266 | LBB Progress Ridge LLC | LBB Progress |
| The Ardea - Mept 3720 Portland<br>3720.SW Bond Ave. #150<br>Portland OR 97239 | Sexto LLC | LBB Waterfront |
| Affinity Property Management | Quinto LLC | LBB Division |

12

**(d) Schedule A/B, Part 10 – Intangibles and Intellectual Property.**

The Debtors review goodwill and other intangible assets having indefinite lives for impairment annually or when events or changes in circumstances indicate the carrying value of these assets might exceed their current fair values. Results from an impairment test given the Chapter 11 filing were unavailable at the time that the Statements and Schedules were prepared and therefore several of the company's intangible asset values may be listed as undetermined. The Debtors report intellectual property assets as net book value based on the Debtors' books and records whenever applicable.

| OwnerFullText | Wordmark | GoodsAndServicesTruncated | RegistrationDate | RegistrationNumber | Country |
|---|---|---|---|---|---|
| BGR Franchising, LLC (LIMITED LIABILIT | BGR BURGERS GRILLED RIGHT | IC 043: restaurant services. | 2017-06-06 | 5220010 | USA |
| BGR Franchising, LLC (LIMITED LIABILIT | BGR BURGERS GRILLED RIGHT | IC 043: restaurant services. | 2017-04-11 | 5181389 | USA |
| BGR Franchising, LLC (LIMITED LIABILIT | BURGERS GRILLED RIGHT | IC 043: Restaurant services. | 2016-11-22 | 5086156 | USA |
| | | | | | |
| LBB ACQUISITION, LLC (LIMITED LIABIL | LITTLE BIG BURGER | IC 043: Restaurant services, namely, providing | 2013-08-06 | 4379318 | USA |
| LBB ACQUISITION, LLC (LIMITED LIABIL | I'M DELICIOUS | IC 043: Restaurant services, namely, providing | 2013-12-17 | 4450389 | USA |
| | | | | | |
| Boudreaux's Cajun Kitchen, Inc. (CORF | BOUDREAUX'S CAJUN KITCHEN | IC 043: Catering; Restaurant and bar services. | 2007-03-20 | 3219850 | USA |
| Boudreaux's Cajun Kitchen, Inc. (CORF | BOUDREAUX'S CAJUN KITCHEN | IC 043: Catering; Restaurant and bar services. | 2007-03-20 | 3219851 | USA |
| | | | | | |
| PizzaRev IP Holdings, LLC (LIMITED LIA | FROM FLOUR TO FIRE | IC 043: Restaurant services, including sit-dow | 2014-08-19 | 4588815 | USA |
| PizzaRev IP Holdings, LLC (LIMITED LIA | PR | IC 043: Restaurant services, including sit-dow | 2014-08-19 | 4588814 | USA |
| PizzaRev IP Holdings, LLC (LIMITED LIA | WE ARE THE PIZZAREV-OLUTION | IC 043: Restaurant services, including sit-dow | 2015-07-14 | 4771253 | USA |
| PizzaRev IP Holdings, LLC (LIMITED LIA | PIZZAREV | IC 035: Franchise services, namely, offering b | 2014-10-28 | 4629616 | USA |
| PIZZAREV IP HOLDINGS, LLC (LIMITED I | PIZZAREV CRAFT YOUR OWN | IC 043: Restaurant services. | 2013-09-17 | 4403410 | USA |
| PIZZAREV IP HOLDINGS, LLC (LIMITED I | PIZZAREV | IC 030: Pizza.; IC 043: Restaurant services, incl | 2013-07-16 | 4369548 | USA |
| PizzaRev IP Holdings, LLC (LIMITED LIA | PIZZAREV | IC 030: Pizza, namely, pizza made on demand | 2014-08-26 | 4592650 | USA |
| | | | | | |
| Amergent Hospitality Group Inc. (COR | AMERGENT HOSPITALITY GROUP | IC 035: Restaurant franchising, namely, offeri | 2021-10-19 | 6531557 | USA |
| Amergent Hospitality Group, Inc. (COI | | IC 035: Restaurant franchising, namely, offeri | 2020-10-27 | 6184809 | USA |
| PizzaRev IP Holdings, LLC | PIZZAREV | IC 035: asistencia empresarial en la gestion y desarrollo de una empresa, contabilidad y administracion y marketing de ventas, el comercio minorista y contabilidad. | | | Mexico |
| PizzaRev IP Holdings, LLC | PIZZAREV | IC 030: pizza • corteza de pan para pizza, salsas para pizza, masa para pizza. | 12/8/2015 | "0119851619120" | Mexico |
| PizzaRev IP Holdings, LLC | PIZZAREV | IC 043: servicios para proveer alimentos. | 9/28/2015 | "0119851619119" | Mexico |
| | | | | | |
| LBB ACQUISITION, LLC (LIMITED LIABIL | Little Big Burger | IC 043: Providing food and drink; catering; takeaway services; restaurant services featuring hamburger sandwiches; providing of food and beverages for consumption on and off the premises | 10/20/2017 | 16916488 | EU |
| LBB ACQUISITION, LLC (LIMITED LIABIL | Little Big Burger | IC 043: Providing food and drink; catering; takeaway services; restaurant services featuring hamburger sandwiches; providing of food and beverages for consumption on and off the premises | 9/22/2017 | UK00003239169 | UK |
| LBB ACQUISITION, LLC (LIMITED LIABIL | Little Big Burger | IC 043: Providing food and drink; catering; takeaway services; restaurant services featuring hamburger sandwiches; providing of food and beverages for consumption on and off the premises | 10/20/2017 | UK00916916488 | UK |

13

**(e) Schedule A/B, Part 11 – All Other Assets. Dollar amounts are presented net of impairments and other adjustments.**

Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtor and Rights to Setoff Claims. In the ordinary course of business, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, refunds with their customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant. Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11.

**(f) Schedule A, Item 72 – Tax Refunds and NOLs**

***Employee Retention Credit.*** The Employee Retention Credit ("ERC") under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") is a refundable tax credit which encouraged businesses to keep employees on the payroll during the COVID-19 pandemic. Although the program ended on January 1, 2022, the Company performed an analysis during the period ending 12/31/2022 and determined that it was eligible for additional credits related to 2021 wages. As of each of December 31, 2022 and December 31, 2021, approximately $765,000 of ERC is included in accounts and other receivables in the consolidated balance sheets.

NOL Carryforwards include $31.610MM for 2022.  NOL Carryforwards for 2023 are undetermined as tax returns have not yet been filed. No other tax refunds are expected.

**2.   Specific Notes Regarding Schedule D.**

Except as otherwise agreed pursuant to a stipulation or as otherwise provided by an order entered by the Bankruptcy Court, the Debtors reserves their right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. Moreover, the Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights. Where an administrative agent serves with respect to any prepetition secured debt, only the administrative agent is listed as the creditor on Schedule D and not any other parties who may hold a portion of the debt.

14

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any claims associated with such agreements should be reported on Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

The claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

**3.      Specific Notes Regarding Schedule E/F**.

**(a) Creditors Holding Priority Unsecured Claims.**

The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and/or the priority status of any claim on any basis at any time.

While the Debtors' believe they have, or will resolve all of the known, prepetition amounts owed to the various tax and licensing agencies under the authority granted under the tax motion interim order. In an effort to identify, and resolve, any unknown tax or regulatory claims, the Debtors' have listed all of their historical tax and regulatory agencies on schedule E/F as contingent, unliquidated, and disputed.

The listing of any claim on Schedule E/F does not constitute an admission by the Debtor that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtor reserves all of its rights to dispute the amount and the priority status of any claim on any basis at any time. Certain of such claims, however, may be subject to ongoing audits and the Debtor is otherwise unable to determine with certainty the amount of many, if not all, of the remaining claims listed on Schedule E/F. In such case, the Debtor has listed all such claims as unknown in amount, pending final resolution of ongoing audits or other outstanding issues. Further, to the extent such claims have been paid or may be paid pursuant to a court order, they may not be included on Schedule E.

**(b) Creditors Holding Nonpriority Unsecured Claims.**

The Debtors have exercised commercially reasonable efforts to list all general unsecured claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records. As a result of the Debtors' consolidated operations, however, the reader should review Schedule E/F for all Debtors in these Chapter 11 Cases for a more complete understanding of the unsecured debts of the Debtors.

Schedule E/F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

Certain creditors listed on Schedule E/F may owe amounts to the Debtors, and, as such, the Debtors may have valid setoff and recoupment rights with respect to such amounts. The amounts listed on Schedule E/F may not reflect any such right of setoff or recoupment, and the Debtors reserve all rights to assert the same and to dispute and challenge any setoff and/or recoupment rights that may be asserted against the Debtors by a creditor. Additionally, certain creditors may assert mechanic's, materialman's, or other, similar liens against the Debtors for amounts listed on Schedule E/F. The Debtors reserve their rights to dispute and challenge the validity, perfection, and immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F of any Debtor. In addition, certain Claims listed on Schedule E/F (Part 2) may be entitled to priority under section 503(b)(9) of the Bankruptcy Code or be entitled to trust fund status under the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c) ("PACA").

The claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F.

Schedule E/F contains information regarding potential and pending litigation involving the Debtors. In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined. To the extent that litigation involving a particular Debtor has been identified, however, such information is contained in the Schedule for that Debtor.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule E/F does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist. Except in certain limited circumstances, the Debtors have not scheduled contingent and unliquidated liabilities related to guaranty obligations on Schedule E/F. Such guaranties are, instead, listed on Schedule H.

The Claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserves all of their rights with regard to such

16

credits, allowances, and other adjustments, including the right to assert Claims objections and/or setoffs with respect to the same.

The aggregate net intercompany, insider or related party payable amounts listed in Schedule E/F may or may not result in allowed or enforceable Claims by or against a given Debtor, and listing these payables is not an admission on the part of the Debtors that the intercompany Claims are enforceable or collectable. The intercompany payables also may be subject to recoupment, netting, or other adjustments made pursuant to intercompany policies and arrangements not reflected in the Schedules.

The Debtors may pay Claims listed on Schedule E/F during these Chapter 11 Cases pursuant to orders of the Bankruptcy Court and the Debtors reserve all of their rights to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such Claim. Additionally, Schedule E/F does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that have been, or may be, rejected. Executory Contracts and Unexpired Leases are listed on Schedule G.

**4. Specific Notes Regarding Schedule G.**

**(a) Executory Contracts and Unexpired Leases.**

While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and although commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over inclusions may have occurred. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of commercially reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument or other document is listed thereon.

In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the

17

applicable Debtor and such supplier or provider. In the ordinary course of business, the Debtors may have issued numerous purchase orders for supplies, product, and related items which, to the extent that such purchase orders constitute executory contracts, are not listed individually on Schedule G. To the extent that goods were delivered under purchase orders prior to the Petition Date, vendors' claims with respect to such delivered goods are included on Schedule E/F.

As a general matter, certain of the Debtors' executory contracts and unexpired leases could be included in more than one category. In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as easements, subordination, non-disturbance and attornment agreements, supplemental agreements, rights of way, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G.

The Debtors hereby reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

In the ordinary course of business, the Debtors have entered into numerous contracts or agreements, both written and oral, regarding the provision of certain services on a month-to-month basis. To the extent such contracts or agreements constitute executory contracts, these contracts and agreements are not listed individually on Schedule G.

Certain of the executory contracts may not have been memorialized and could be subject to dispute; executory agreements that are oral in nature have not been included in Schedule G.

In the ordinary course of business, the Debtors may have entered into confidentiality agreements which, to the extent that such confidentiality agreements constitute executory contracts, are not listed individually on Schedule G.

Certain of the executory contracts and unexpired leases listed in Schedule G were assigned to, assumed by, or otherwise transferred to certain of the Debtors in connection with, among other things, acquisitions by the Debtors.

The Debtors generally have not included on Schedule G any insurance policies, the premiums for which have been prepaid. The Debtors submit that prepaid insurance policies are not executory contracts pursuant to section 365 of the Bankruptcy Code because no further payment or other material performance is required by the Debtors. Nonetheless, the Debtors recognize that in order to enjoy the benefits of continued coverage for certain claims under these policies, the Debtors may have to comply with certain non-monetary obligations, such as the provision of notice of claims and cooperation with insurers. In the event that the Bankruptcy Court were to ever determine that any such prepaid insurance policies are executory contracts, the Debtors reserve all of their rights to amend Schedule G to include such policies, as appropriate.

In addition, Schedule G does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or leases are not impaired by the omission.

Certain of the agreements listed on Schedule G may have been entered into by or on behalf of more than one of the Debtors. Additionally, the specific Debtor obligor(s) to certain of the agreements could not be specifically ascertained in every circumstance. In such cases, the Debtors have made commercially reasonable efforts to identify the correct Debtors' Schedule G on which to list the agreement and, where a contract party remained uncertain, such agreements may have been listed on a different Debtor's Schedule G. The listing of any contract or lease on Schedule G does not constitute an admission by the Debtor as to the validity of any such contract or lease or an admission that such contract or lease is an executory contract or unexpired lease. The Debtor reserves all of its rights to dispute the effectiveness of any such contract or lease listed on Schedule G or to amend Schedule G at any time to remove any contract or lease.

**(b) Executory Contracts - Insurance**

| Line of Business | Policy Number | Effective Date | Expiration Date | Issuing Carrier |
|---|---|---|---|---|
| Cyber Liability | 6620785-01 | 3/30/2024 | 3/30/2025 | At-Bay Specialty Insurance Company |
| Employment Practices Liability | PML000284700 | 3/30/2024 | 3/30/2025 | Harco National Insurance Company |

| | | | | |
|---|---|---|---|---|
| Excess Directors & Officers | BPRO8053393 | 3/30/2024 | 3/30/2025 | Gemini Insurance Company |
| Directors & Officers - Primary | ELU166857-20 | 3/30/2024 | 3/30/2025 | XL Specialty Insurance Company |
| Automobile | AS6Z51292612034 | 3/30/2024 | 3/30/2025 | First Liberty Insurance Corporation |
| Crime | YCCZ51292612064 | 3/30/2024 | 3/30/2025 | Employers Insurance Company of Wausau |
| General Liability | TB6Z51292612024 | 3/30/2024 | 3/30/2025 | Liberty Mutual Fire Insurance Company |
| Liquor Liability | TO2Z51292612044 | 3/30/2024 | 3/30/2025 | Liberty Mutual Fire Insurance Company |
| Property | YW2Z51292612054 | 3/30/2024 | 3/30/2025 | Liberty Mutual Fire Insurance Company |
| Umbrella | TH7Z51292612084 | 3/30/2024 | 3/30/2025 | Liberty Insurance Corp. |
| Workers Compensation | WC2-Z51-292612-012 | 3/30/2024 | 3/30/2025 | Liberty Mutual Fire Insurance Company |

**(c)    Executory Contracts -- Vendor Contracts**

| Vendor/Address | Subject | Term Ending |
|---|---|---|
| Sysco<br>4500 Corporate Drive N.W.<br>Concord NC 28027<br>Attn: Steve Crowe<br>803-239-4201<br><br>Sysco Corporation<br>1390 Enclave Parkway<br>Houston TX 77077-2099 | Master Services Agreement dated 12/1/2022 between Sysco Charlotte LLC and Amergent | 12/1/2027 |
| Aramark<br>115 North First Street<br>Burbank CA 91502 | Preferred Provider Agreement dated 3/2/2016 between Chanticleer Holdings, Inc., a Delaware corporation n/k/a Amergent Hospitality Group, Inc. (Del.) and Aramark Uniform Services, a division of ARAMARK Uniform & Career Apparel, LLC (Del.) | Circa 3/2/2023 |
| Toast, Inc. | Toast Master Agreement 3/28/2019 | |
| Ovation<br>hello@ovationup.com | SAAS Agreement Form dated 8/1/2020 | MTM |
| Olo<br>billingsupport@olo.com | Boudreaux's Order Platform, Pay Platform and Payment Gateway | 1/26/2024 |
| Olo<br>billingsupport@olo.com | Little Big Burger Order Platform, Pay Platform and Payment Gateway | 1/26/2024 |
| 7 Shifts | 7Shifts SAAS Agreement 7/31/2023 | MTM |
| Spark Team | Verbal PEO | |
| FSIC<br>1465 Kelly Johnson Blvd., Ste. 200<br>Colorado Springs, CO 80920 | Reporting Agreement dated 4/1/2019 | 4/1/2024 |

20

| Attn: Gerald Wilhite | | |
|---|---|---|
| PepsiCo Sales, Inc. and Pepsi-Cola Advertising and Marketing, Inc. 700 Anderson Hill Road Purchase NY 10577 | Beverage Sales Agreement 7/1/2021 | 6/30/2026 |
| Provident Hospitality Group | Restaurant Management | |
| Storage Unit Leases | See Discussion below at SOFA 20 | |

    **(d)   Unexpired Leases -- See Schedule A, Item 55 above**

  **5.   Specific Notes Regarding Schedule H.**

    **(a)   Oz Rey Obligations – Guarantors:**

IN WITNESS WHEREOF, each of the undersigned has caused this Guarantee to be duly executed and delivered as of the date first above written.

AMERICAN ROADSIDE BURGERS, INC.
AMERICAN BURGER ALLY, LLC
AMERICAN BURGER MOREHEAD, LLC
AMERICAN BURGER PROSPERITY, LLC
AMERICAN ROADSIDE BURGERS SMITHTOWN, INC.
BGR ACQUISITION, LLC
BGR FRANCHISING, LLC
BGR OPERATIONS, LLC
BGR ACQUISITION 1, LLC
BGR ANNAPOLIS, LLC
BGR ARLINGTON, LLC
BGR COLUMBIA, LLC
BGR MICHIGAN AVE, LLC
BGR MOSAIC, LLC
BGR OLD KEENE MILL, LLC
BGR WASHINGTONIAN, LLC
CAPITOL BURGER, LLC
BT BURGER ACQUISITION, LLC
BT'S BURGERJOINT RIVERGATE LLC
BT'S BURGERJOINT SUN VALLEY, LLC
LBB ACQUISITION, LLC
CUARTO LLC
LBB ACQUISITION 1 LLC
LBB HASSALO LLC
LBB PLATFORM LLC
LBB CAPITOL HILL LLC
LBB FRANCHISING LLC
LBB GREEN LAKE LLC
LBB LAKE OSWEGO LLC
LBB MAGNOLIA PLAZA LLC
LBB MULTNOMAH VILLAGE LLC
LBB PROGRESS RIDGE LLC
LBB REA FARMS LLC
LBB WALLINGFORD LLC
LBB DOWNTOWN PDX LLC
NOVENO LLC
OCTAVO LLC
PRIMERO LLC
QUINTO LLC
SEGUNDO LLC
SEPTIMO LLC
SEXTO LLC
JANTZEN BEACH WINGS, LLC
OREGON OWL'S NEST, LLC
WEST END WINGS LTD

**(b)    Senior Debentures – same as Oz Rey Obligations**

## SPECIFIC STATEMENTS REGARDING STATEMENT OF FINANCIAL AFFAIRS

**(a) Question 1 – Gross Revenue.**

The amounts listed in Statement 1 reflect the revenue for the fiscal years 2022, 2023 and the year-to-date portion of fiscal year 2024 of each Debtor as such amount is calculated in the Debtor's records.

**Profit & Loss - Legal**

| | Amergent Hospitality Group, Inc. | I10/I20 Cuisine LLC | LBB Acquisition 1 LLC | LBB Acquisition, LLC | Cuarto LLC | LBB Lake Oswego LLC | LBB Platform LLC | LBB Progress Ridge LLC | Noveno LLC | Quinto LLC | Sexto LLC |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Gross Revenue** | | | | | | | | | | | |
| 12/31/2022 Gross Restaurant Revenue | | | | | 743,802 | 791,473 | 934,569 | 1,134,253 | 937,315 | 976,756 | 685,572 |
| 12/31/2023 Gross Restaurant Revenue | | 6,821,109 | | | 670,473 | 788,285 | 915,284 | 1,074,363 | 848,875 | 845,597 | 596,953 |
| YTD 7/18/2024 Gross Restaurant Revenue | | 4,342,527 | | | 424,996 | 470,035 | 518,337 | 613,020 | 529,002 | 409,468 | 526,592 |

**(b) Questions 3, 4, and 30 – Payments to Certain Creditors.**

The Debtors have responded to Question 3 in detailed format by Debtor (attached hereto). The response, however, does not include transfers to bankruptcy professionals (which transfers appear in response to Part 6, Question 11) or ordinary course compensation of individuals through salaries, wages, or related allowances.

The Debtors have responded to Questions 4 and 30 in detailed format by insider in the attachment for Question 4. To the extent: (i) a person qualified as an "insider" in the year prior to the Petition Date, but later resigned their insider status or (ii) did not begin the year as an insider, but later became an insider, the Debtors have only listed in Question 4 those payments made while such person was defined as an insider.

Mike Pruitt Payroll (annual) $163,800

Steve Hoeschler (annual) $180,000

MV Equity Partners Inc. (controlled by Robert Hersch):

- 3/11/2024 (061661) Amergent Hospitality Group 202403110005410 MV EQUITY PART $30,000.00; and

- 3/25/2024 (061808) Amergent Hospitality Group 202403250006752 MV EQUITY PART $105,000.00

22

**(c)  Questions 6 – Setoffs.**

For a discussion of setoffs and nettings incurred by the Debtors, refer to paragraph 28 of these Global Notes.

**(d)  Question 7 – Legal Actions.**

Information provided in Statement 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial or other adjudicative forum. In the Debtors' attempt to provide full disclosure, to the extent a legal dispute or administrative proceeding is not formally recognized by an administrative, judicial or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy, the Debtor has identified such matters on Schedule E/F, Part 2 for the applicable Debtor. Additionally, any information contained in Statement 7 shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

| Case Name | Court | Status |
|---|---|---|
| WF Prosperity Village LLC v. American Burger Prosperity, LLC and Amergent Hospitality Group, Inc. | Case No. 24CV031661-590 (Mecklenburg County, NC Superior Court) | Complaint Filed, Summons Served; Plaintiff notified of bankruptcy<br><br>Plaintiff's Counsel:<br>Elizabeth Sims Hedrick<br>Fox Rothchild LLP<br>434 Fayetteville Street, Suite 2800<br>Raleigh, NC 27601<br>919-755-8778<br>ehedrick@foxrothschild.com |
| Payment Card Interchange Fee and Merchant Discount Antitrust Litigation Class Action Settlement | Knox County, Tennessee | Some of the LBB Store-Level subsidiaries and certain nondebtor affiliates.are participating in this class action settlement |

**(e)  Question 11 – Payments Made Related to Bankruptcy.**

The response to Question 11 identifies the Debtor that made a payment in respect of professionals the Debtors have retained or will seek to retain under section 327 and section 363 of the Bankruptcy Code. Additional information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications, motions, and related orders. With the exception of the direct transfer from Amergent Hospitality group, Inc. (described below), the Retainer to Culhane, PLLC, counsel for the Debtor, was funded directly to the Firm via loans to the Debtors from the following sources:

23

| Date | Source | Description of Claim | Amount | Balance |
|---|---|---|---|---|
| 7/1/2024 | Amergent Hospitality Group, Inc. | Debtor | $10,000 | 10,000 |
| 7/11/2024 | PR Diamonds Inc. | Senior Debenture | 10,000 | 20,000 |
| 7/16/2024 | Bruce L. Hankerson | Senior Debenture | 5,000 | 25,000 |
| 7/17/2024 | Larry S. Spitcaufsky | Security interest in Oz Rey debt | 30,000 | 55,000 |
| 7/17/2024 | Oz Rey, LLC | Secured Debentures | 30,000 | 85,000 |
| 7/18/2024 | Cuisine LLC | Senior Debenture | 15,000 | $100,000 |

**(f) Question 13 – Transfers Not Already Listed on this Statement (2 Years)**

I10/I20 Cuisine, LLC acquired Boudreaux's restaurants from Boudreaux's Cajun Kitchen, Inc. in 3/2023 for $3.750MM paid with $2.5MM cash plus $1.3MM secured promissory note from I10/I20 Cuisine, LLC.  $2.5MM cash was funded by advance from MVA 916, LLC [an affiliate of Robert Hersh] advanced in exchange for Series B Preferred Shares.

**(g) Question** 14 -- **Previous Locations**

I10/I20 Cuisine, LLC closed a location at 12806 Gulf Freeway Houston TX 77034 (Fuqua).

**(h) Question 16 – Personally Identifiable Information.**

Debtor accepts credit card payments.  The merchant services processors keep information related to the transaction such as name, address, zip code, credit card number.  Other than through the processor, the Debtor does not retain in its records any such information other than customer names, birthdays and emails.  Such information is subject to the Debtors' privacy policy regarding personally identifiable information.

**(i) Question 17 – Retirement Plans**

The Debtor discontinued its 401(k) Plans in July 2024 (prepetition).  The administrator of the Plans was Vestwell Administrative Services, LLC, 1410 Broadway, 23rd Floor, New York, NY 10018.  The plans sponsored by the Debtor was Spark Team Associates One 401(K) Plan EIN 84-4842958 (AHGI Sponsored).  Other Plans sponsored by nondebtor affiliates were Spark Team Associates Two 401(K) Plan EIN 32-0515577 (BGR Sponsored) and Spark Team Associates Three 401(K) Plan EIN 27-1929608 (American Burger sponsored).

**(j)  Question 20 – Off Premises Storage**

The Debtor has off-premises storage:

1.  Boudreaux's: Landlord: US Storage Centers
7300 S. Loop East Freeway Houston TX 77087 (D105 & D107)

D105-Full Service Catering Supplies: Ice Chest(coolers), Catering cart, Chafing dishes, chef coats, 50 gallon trash cans, potable water containers, serving platters, pitchers, squeeze bottles, organization bins and tubs, beverage dispensers, full pans and lids, half pans and lids, third pans and lids, serving bowls, carving stations, salad bows, serving utensils, table cloths, Shelves, Garment rack, cast iron cookware

D107: Catering supplies/Office Supplies/Decor/Misc: Hot Boxes & carts, shelves, smoothie blenders, mardi gas decor, fall decor,  dishes for photo shoots, propane crawfish boil cookers (and supplies), manager shirts, gift cards, office chair mats, plates, glass ware, deep half pans, cast iron cook ware, pictures/frames, stock pot, stainers for pots, office supplies, menu holders, sink basin, flour holder, tables, chairs, cambro shelving

2.  Little Big Burger: Landlord Jason Murray
433 N. Thompson St., Portland OR 97227

Various equipment from the closed location including a makeline, two grills, a beverage cooler, and various other smallwares and pieces of equipment.

**(k)** Question 25 – Other Businesses in Which the Debtor Has or Has Had an Interest

a.  See response to question organizational chart.

b.  PizzaRev had owned store locations (3) which were closed 2022-2023 due to lack of profitability.  It has a single franchisee that expects to close within 6 months

c.  The Debtor owned a Hooters restaurant in Great Britain owned by West End Wings LTD (a subsidiary of AHGI).  The store was sold in 2022 for $850,000.

d.  Jaybee's Chicken in Oregon that is a combination gaming/wing/bar.  AHGI is the tenant on the leases and Jantzen Beach Wings, LLC and Oregon Owl's Nest, LLC are the subsidaires that run the businesses under an unwritten sublease from AHGI.

e.  BGR (Burgers Grilled Right) are owned and operated by the subsidiaries under BGR Acquisition, LLC.

25

f.  American Roadside Burgers was a brand owned and operated by subsidiaries (listed above) American Roadside Burgers, Inc.; American Burger Ally, LLC; American Burger Morehead, LLC; American Burger Prosperity, LLC; and American Roadside Burgers Smithtown, Inc.__ of AHGI.  The last stores were closed in 2022 due to lack of profitability. None were sold.

**(l) Question 26 – Books, Records and Financial Statements**

a.  Accountants/bookkeepers (last 2 years)

| Description | Position & Term | Contacts |
|---|---|---|
| Steve Hoelscher, CFO<br>Michelle Arcidiacono, Accountant<br>April Miller, VP Stores | Parent Accounting<br>(Current) | Steve Hoelscher, CFO<br>Michelle Arcidiacono |
| Spark Team Associates, LLC | PEO – Payroll Entity<br>(Current) | Tina Snyder<br>(tina@amergenthg.com) |
| Provident Hospitality Group<br>1800 Valley View Lane<br>Dallas, TX 75234<br>903-286-8127 | Store Accounting<br>(Current) | Mark Lindberg<br>(mark@phgcfo.com)<br>Jennifer Petroff |
| Mastodon Ventures<br>114 W 7th Street; Ste 820<br>Austin, TX 78701<br>Cell: (602) 319-3941 | External Financial<br>Advisors of Shareholder<br>(Until Petition Date) | Robert Hersch<br>Eric Tyler<br>Steve Hoelscher |

b.  Auditors (last 2 years)

| Description | Position | Term |
|---|---|---|
| Cherry Bekaert LLP<br>221 W. 6th Street, Suite 1900<br>Austin TX 78701<br>512-479-6000 | Auditors | 2021- Q1/2023 |

c.  Parties in possession of books and records

| Description | Position | |
|---|---|---|
| All parties listed in a.-c. | | |
| Richard G. Grant, Esq. | Debtor's Counsel | 7/2024 |

d.  Parties to whom financial statements were issued (within 2 years)

| Party | Relationship | Approximate Date |
|---|---|---|
| All parties listed in a.-c. | See above | passim |
| Eric D'Olive | Senior Debenture | Q1 2022 |
| Equity Markets Adv LLC c/o Stephen Apolant | Senior Debenture | 7/2024 |
| Pinous Reisz/PR Diamonds Inc. | Senior Debenture | 7/2024 |
| Lisa E. Mannion | Senior Debenture | 7/2024 |
| Michael Ho | Senior Debenture | Q1 2022 |
| Seacor Capital, Inc. | Senior Debenture | Q1 2022 |
| Bruce L. and Judy K. Hankerson | Senior Debenture | 7/2024 |
| Larry S. Spitcaufsky | Security interest in Oz Rey debt | 7/2024 |
| Oz Rey, LLC [Robert Hersch] | Secured Debentures | 7/2024 |
| Cuisine LLC | Senior Debenture | 7/2024 |
| Rewards Network Establishment Services, Inc. | MCA Lender for LBB Stores | Q1-Q2 2023 |
| Libertas Funding, LLC | MCA Lender for BCK | Q1 2024 |
| LG Funding LLC | MCA Lender for LBB Platform LLC | Q1 2024 |
| LG Funding LLC | MCA Lender for Quinto LLC | Q1 2024 |
| Kapitus LLC | MCA Leder for LBB Progress Ridge LLC | Q3 2023 |
| Landlords of all stores listed above | Landlord | passim |

**(m)** Question 27 --Inventories within last 2 years

Inventory are made at the store level monthly by the store manager and are retained by Provident Hospitality Group, Inc. (Mark Lindberg (mark@phgcfo.com); Jennifer Petroff)

**(n)** Question 28 -- Debtor's officers, directors, managing members, members in control, controlling shareholders at time of filing of the case

| Person | Position | Approximate Date |
|---|---|---|
| Michael D. Pruitt | CEO, Director | June 2005 – 2018 4/2/2024 - Present |
| Steven J. Hoelscher | CFO | 2/4/2021 - Present |
| J. Eric Wagoner | Director | 3/2018 - Present |
| Keith J. Johnson | Director | 3/2020 - Present |

27

**(o)** Question 29 -- Officers, directors, managing members, members in control of the debtor, or shareholders in control of the debtor who no longer hold said position

| Person | Position | Approximate Date |
|---|---|---|
| Robert Hersch | Controlling Shareholder | 4/1/2020 - 6/2024 |
| Mark Whittle | Interim President | 1/10/2023 – 4/1/2024 |
| Frederick L. Glick | President | 2018 -12/31/2022 |
| Neil G. Kiefer | Director | 1/2017 – 7/2023 |
| Patrick Harkleroad | Chief Financial Officer | Through 12/1/2020 |

**(p) Question 30 --Transfers to insiders within past year (salary, compensation, draws, bonuses, loans, credits on loans, stock redemptions and options exercised)**

See above discussion with respect to Question 4.

**(q) Question 31 -- Consolidated Tax Groups within last 6 years**

The parent corporation of the consolidated group for tax purposes was Amergent Hospitality Group, Inc. whose, EIN number 84-4842958.

**Fill in this information to identify the case:**

Debtor name _____Amergent Hospitality Group, Inc._____

United States Bankruptcy Court for the: _Northern District of Texas_

(State)

Case number (If known): ___24-42483_____

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals          **12/15**

---

### Part 1:   Summary of Assets

1. *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B* ....................................................................................................

   $ _____0.00__

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*....................................................................................................

   $ __1,063,309.00__

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B* .....................................................................................................

   $ __1,063,309.00__

---

### Part 2:   Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* ..............................................

   $ __5,472,889.00__

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 6a of *Schedule E/F*....................................................

   $ _____0.00__

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 6b of *Schedule E/F*...........................................

   **+**$ __1,818,534.00__

4. **Total liabilities**...................................................................................................................................
   Lines 2 + 3a + 3b

   $ __7,291,423.00__

---

**Fill in this information to identify the case:**

Debtor name ___Amergent Hospitality Group, Inc._____

United States Bankruptcy Court for the:_ Northern District of Texas _____

Case number (If known): ___24-42483_____

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property     **12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

---

### Part 1:   Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand** — $ 0.00

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1. See Schedule A/B Part 1, Question 3 Attachment | Checking | ___ ___ ___ ___ | $ 20,097.00 |
| 3.2. _____ | _____ | ___ ___ ___ ___ | $_____ |

4. **Other cash equivalents** *(Identify all)*

   4.1. _____   $_____
   4.2. _____   $_____

5. **Total of Part 1**   $ 20,097.00

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

---

### Part 2:   Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☐ No. Go to Part 3.
   ☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

   7.1. _____   $_____
   7.2. _____   $_____

---

Debtor   Amergent Hospitality Group, Inc.
_____Name_____   Case number *(if known)* 24-42483

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1. See Schedule A/B Part 2, Question 8 Attachment _____   $ 273,562.00 _____

8.2. _____   $ _____

9. **Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.   | $ 273,562.00 |

## Part 3:   Accounts receivable

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☑ Yes. Fill in the information below.

**Current value of debtor's interest**

11. **Accounts receivable**

11a. 90 days old or less:   0.00 – 0.00 = ........➔   $ 0.00
face amount — doubtful or uncollectible accounts

11b. Over 90 days old:   769,650.00 – 0.00 = ........➔   $ 769,650.00
face amount — doubtful or uncollectible accounts

12. **Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.   | $ 769,650.00 |

## Part 4:   Investments

13. **Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| | **Valuation method used for current value** | **Current value of debtor's interest** |

14. **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

14.1. _____   _____   $ _____

14.2. _____   _____   $ _____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:   % of ownership:

15.1. Oregon Owl's Nest, LLC (OR)   100 %   _____   $ Unknown

15.2. See continuation sheet   _____%   _____   $ Unknown

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1. _____   _____   $ _____

16.2. _____   _____   $ _____

17. **Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.   | $ 0.00 |

Official Form 206A/B   **Schedule A/B: Assets — Real and Personal Property**   page **2**

Debtor   Amergent Hospitality Group, Inc.
_____   Case number (*if known*)_____ 24-42483
        Name

---

## Part 5:   Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

    ☑ No. Go to Part 6.

    ❑ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

19. **Raw materials**

    _____   _____   $_____   _____   $_____
                                        MM / DD / YYYY

20. **Work in progress**

    _____   _____   $_____   _____   $_____
                                        MM / DD / YYYY

21. **Finished goods, including goods held for resale**

    _____   _____   $_____   _____   $_____
                                        MM / DD / YYYY

22. **Other inventory or supplies**

    _____   _____   $_____   _____   $_____
                                        MM / DD / YYYY

23. **Total of Part 5**

    Add lines 19 through 22. Copy the total to line 84.   $_____

24. **Is any of the property listed in Part 5 perishable?**
    ❑ No
    ❑ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

    ❑ No
    ❑ Yes. Book value _____   Valuation method_____   Current value_____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
    ❑ No
    ❑ Yes

---

## Part 6:   Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

    ☑ No. Go to Part 7.

    ❑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

28. **Crops—either planted or harvested**

    _____   $_____   _____   $_____

29. **Farm animals** *Examples*: Livestock, poultry, farm-raised fish

    _____   $_____   _____   $_____

30. **Farm machinery and equipment**  (Other than titled motor vehicles)

    _____   $_____   _____   $_____

31. **Farm and fishing supplies, chemicals, and feed**

    _____   $_____   _____   $_____

32. **Other farming and fishing-related property not already listed in Part 6**

    _____   $_____   _____   $_____

---

Debtor   Amergent Hospitality Group, Inc.   Case number (*if known*) 24-42483

Name

---

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

$_____

34. **Is the debtor a member of an agricultural cooperative?**

❏ No

❏ Yes. Is any of the debtor's property stored at the cooperative?

❏ No

❏ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

❏ No

❏ Yes. Book value $_____ Valuation method _____ Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

❏ No

❏ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

❏ No

❏ Yes

## Part 7:   Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

❏ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | $_____ | _____ | $_____ |
| 40. **Office fixtures** | $_____ | _____ | $_____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | $_____ | _____ | $_____ |

42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

| | | | |
|---|---|---|---|
| 42.1_____ | $_____ | _____ | $_____ |
| 42.2_____ | $_____ | _____ | $_____ |
| 42.3_____ | $_____ | _____ | · $_____ |

43. **Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

$_____

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

❏ No

❏ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

❏ No

❏ Yes

---

Official Form 206A/B   **Schedule A/B: Assets — Real and Personal Property**   page **4**

Debtor ___Amergent Hospitality Group, Inc._____   Case number (*if known*)__24-42483_____
    Name

---

### Part 8:   Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| | | | |
|---|---|---|---|
| 47.1 _____ | $_____ | _____ | $_____ |
| 47.2 _____ | $_____ | _____ | $_____ |
| 47.3 _____ | $_____ | _____ | $_____ |
| 47.4 _____ | $_____ | _____ | $_____ |

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | |
|---|---|---|---|
| 48.1 _____ | $_____ | _____ | $_____ |
| 48.2 _____ | $_____ | _____ | $_____ |

49. **Aircraft and accessories**

| | | | |
|---|---|---|---|
| 49.1 _____ | $_____ | _____ | $_____ |
| 49.2 _____ | $_____ | _____ | $_____ |

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

                                               $_____      _____      $_____

51. **Total of Part 8.**

    Add lines 47 through 50. Copy the total to line 87.

                                                                         $_____

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

Debtor  Amergent Hospitality Group, Inc.  Case number *(if known)* 24-42483
_____
Name

---

## Part 9:  Real property

54. **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 | | $_____ | _____ | $_____ |
| 55.2 | | $_____ | _____ | $_____ |
| 55.3 | | $_____ | _____ | $_____ |

56. **Total of Part 9.**

   Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

   $_____

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 10:  Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets**<br>_____ | $_____ | _____ | $_____ |
| 61. **Internet domain names and websites**<br>_____ | $_____ | _____ | $_____ |
| 62. **Licenses, franchises, and royalties**<br>_____ | $_____ | _____ | $_____ |
| 63. **Customer lists, mailing lists, or other compilations**<br>_____ | $_____ | _____ | $_____ |
| 64. **Other intangibles, or intellectual property**<br>_____ | $_____ | _____ | $_____ |
| 65. **Goodwill**<br>_____ | $_____ | _____ | $_____ |

66. **Total of Part 10.**

   Add lines 60 through 65. Copy the total to line 89.

   $_____

---

Debtor    Amergent Hospitality Group, Inc.                                   Case number *(if known)* 24-42483
          Name

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☐ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 11:    All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No. Go to Part 12.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**

Description (include name of obligor)

_____   _____ − _____ = ➜   $_____
                                       Total face amount   doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

_____   Tax year _____   $_____
_____   Tax year _____   $_____
_____   Tax year _____   $_____

73. **Interests in insurance policies or annuities**

_____   $_____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

_____   $_____

**Nature of claim**      _____

**Amount requested**     $_____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

_____   $_____

**Nature of claim**      _____

**Amount requested**     $_____

76. **Trusts, equitable or future interests in property**

_____   $_____

77. **Other property of any kind not already listed**  *Examples:* Season tickets, country club membership

_____   $_____

_____   $_____

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.   $_____

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor _____Amergent Hospitality Group, Inc._____    Case number (*if known*)___24-42483_____
Name

---

| **Part 12:** | **Summary** |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 20,097.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 273,562.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 769,650.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* . ............................................... ➔ | | $ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | **+** $ 0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column. ...........................91a. | $ 1,063,309.00 | **+** 91b. $ 0.00 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ........................................................... 1,063,309.00    $ 1,063,309.00

| Debtor 1 | Amergent Hospitality Group, Inc. | | 24-42483 |
|---|---|---|---|
| | First Name      Middle Name      Last Name | | Case number *(if known)* |

## <u>Continuation Sheet for Official Form 206 A/B</u>

**15) Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

| General description | % of ownership | Valuation method | Current value |
|---|---|---|---|
| LBB Acquisition, LLC (NC) | 100% | | Unknown |
| I10/I20 Cuisine, LLC (Tex.) | 100% | | Unknown |
| Jantzen Beach Wings, LLC (OR) | 100% | | Unknown |
| Pie-Squared Holdings, LLC (Del.) | 100% | | Unknown |
| American Burger Prosperity, LLC (NC) | 50% | | Unknown |
| BGR Acquisition, LLC (NC) | 100% | | Unknown |
| American Broadside Burgers, Inc. (DE) | 100% | | Unknown |
| American Burger Ally, LLC (NC) | 100% | | Unknown |
| American Burger Morehead, LLC (NC) | 100% | | Unknown |
| American Roadside Burgers Smithtown, Inc. (Del.) | 100% | | Unknown |
| BT Burger Acquisition, LLC (NC) | 100% | | Unknown |

**Fill in this information to identify the case:**

Debtor name ___Amergent Hospitality Group, Inc.___

United States Bankruptcy Court for the: ___Northern District of Texas___

Case number (If known): ___24-42483___

☐ Check if this is an
amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property     **12/15**

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

**Part 1:**   **List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

|  | *Column A* **Amount of claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
|---|---|---|

**2.1** **Creditor's name**
2022 Lisa E. Mannion Revocable Trust
_____

**Describe debtor's property that is subject to a lien**

$ 150,000.00     $ 0.00

**Creditor's mailing address**
4047 St Georges CT
Duluth, GA 30096

**Describe the lien**
_____

**Creditor's email address, if known**
_____

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date debt was incurred** _____

**Last 4 digits of account number** _____

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Specify each creditor, including this creditor,

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**2.2** **Creditor's name**
Bruce Hankerson, Judy Hankerson JT Ten/WROS
_____

**Describe debtor's property that is subject to a lien**

$150,000.00     $0.00

**Creditor's mailing address**
4132 Carrollwood Villagr Dr
Tampa, FL 33618

**Creditor's email address, if known**
_____

**Describe the lien**
_____

**Date debt was incurred** _____
**Last 4 digits of account number** _____

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.

   ☐ Yes. The relative priority of creditors is specified on lines _____

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**     $ 5,472,889.00

Debtor  Amergent Hospitality Group, Inc.
_____   Case number _(if known)_  24-42483_____
        Name

| | | Column A **Amount of claim** Do not deduct the value of collateral. | Column B **Value of collateral that supports this claim** |
|---|---|---|---|

| **Part 1:** | **Additional Page** | | |

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

---

**2.3** | **Creditor's name**
Equity Markets Adv LLC

_____

**Creditor's mailing address**

98 Cutter Mill Rd, Suite 441 S _____
Great Neck, NY 11021 _____

**Creditor's email address, if known**

_____

**Date debt was incurred** _____
**Last 4 digits of account number** _____

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Have you already specified the relative priority?
　☐ No. Specify each creditor, including this creditor, and its relative priority.

☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

**Describe the lien**

_____

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out _Schedule H: Codebtors_ (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Amount of claim: $250,000.00   Value of collateral: $0.00

---

**2.4** | **Creditor's name**
Mastodon Ventures Inc.

_____

**Creditor's mailing address**

114 West 7th _____
Suite 820, Austin, TX 78701 _____

**Creditor's email address, if known**

_____

**Date debt was incurred** 5/19/2023 13:1:
**Last 4 digits of account number** _____

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Have you already specified the relative priority?
　☐ No. Specify each creditor, including this creditor, and its relative priority.

☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

**Describe the lien**

_____

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out _Schedule H: Codebtors_ (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Amount of claim: $135,000.00   Value of collateral: $0.00

---

Official Form 206D          Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**          page _2_ of _5_

Debtor   Amergent Hospitality Group, Inc.                                      Case number *(if known)* 24-42483
_____
Name

| Part 1: | Additional Page | *Column A* **Amount of claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
|---|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

**2.5** **Creditor's name**
MVA HH LLC

_____

**Creditor's mailing address**

114 West 7th St, Suite 820
Austin, TX 78701

**Creditor's email address, if known**

_____

**Describe debtor's property that is subject to a lien**

$250,000.00         $0.00

**Date debt was incurred** _____
**Last 4 digits of account number** _____

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Have you already specified the relative priority?
  ☐ No. Specify each creditor, including this creditor, and its relative priority.

  _____

  ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe the lien**

_____

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**2.6** **Creditor's name**
Oz Rey LLC

_____

**Creditor's mailing address**

114 West 7th Street, Suite 820
Austin, TX 78701

**Creditor's email address, if known**

_____

**Describe debtor's property that is subject to a lien**

$4,037,889.00         $0.00

**Date debt was incurred** _____
**Last 4 digits of account number** _____

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Have you already specified the relative priority?
  ☐ No. Specify each creditor, including this creditor, and its relative priority.

  _____

  ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe the lien**

_____

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Official Form 206D        Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**        page _3_ of _5_

Debtor ___Amergent Hospitality Group, Inc._____   Case number *(if known)*___24-42483_____
              Name

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|

| **Part 1:** | **Additional Page** | | |
|---|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

---

**2.7 Creditor's name**
Pincus Reisz

_____

**Creditor's mailing address**

580 5th Ave #1203
New York, NY 10036

**Creditor's email address, if known**

_____

**Date debt was incurred** _____

**Last 4 digits of account number** _____

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.

   [ ]

   ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

**$250,000.00**      **$0.00**

**Describe the lien**

_____

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

---

**2.8 Creditor's name**
Secor Capital Inc.

_____

**Creditor's mailing address**

90 Sunnyside Way
New Rochelle, NY 10804

**Creditor's email address, if known**

_____

**Date debt was incurred** _____

**Last 4 digits of account number** _____

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.

   [ ]

   ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

**$250,000.00**      **$0.00**

**Describe the lien**

_____

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

---

Debtor    Amergent Hospitality Group, Inc.
          _____
          Name

Case number (*if known*)___24-42483_____

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line 2. __ | _____ |
| | Line 2. __ | _____ |
| | Line 2. __ | _____ |
| | Line 2. __ | _____ |
| | Line 2. __ | _____ |
| | Line 2. __ | _____ |
| | Line 2. __ | _____ |
| | Line 2. __ | _____ |
| | Line 2. __ | _____ |
| | Line 2. __ | _____ |
| | Line 2. __ | _____ |
| | Line 2. __ | _____ |
| | Line 2. __ | _____ |

Form 206D          Official Part 2 of **Schedule D: Creditors Who Have Claims Secured by Property**          page _5_ of _5_

**Fill in this information to identify the case:**

Debtor     Amergent Hospitality Group, Inc.

United States Bankruptcy Court for the:   Northern District of Texas

Case number   24-42483
(If known)

❑ Check if this is an
amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

**12/15**

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

## Part 1: List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.

❑ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | **Total claim** | **Priority amount** |
|---|---|---|---|
| **2.1** **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** $_____ *Check all that apply.* ❑ Contingent ❑ Unliquidated ❑ Disputed | $_____ | $_____ |
| **Date or dates debt was incurred** _____ | **Basis for the claim:** | | |
| **Last 4 digits of account number** _____ | **Is the claim subject to offset?** ❑ No ❑ Yes | | |
| **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (\_\_\_\_\_) | | | |
| **2.2** **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** $_____ *Check all that apply.* ❑ Contingent ❑ Unliquidated ❑ Disputed | $_____ | $_____ |
| **Date or dates debt was incurred** _____ | **Basis for the claim:** | | |
| **Last 4 digits of account number** _____ | **Is the claim subject to offset?** ❑ No ❑ Yes | | |
| **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (\_\_\_\_\_) | | | |
| **2.3** **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** $_____ *Check all that apply.* ❑ Contingent ❑ Unliquidated ❑ Disputed | $_____ | $_____ |
| **Date or dates debt was incurred** _____ | **Basis for the claim:** | | |
| **Last 4 digits of account number** _____ | **Is the claim subject to offset?** ❑ No ❑ Yes | | |
| **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (\_\_\_\_\_) | | | |

Debtor _Amergent Hospitality Group, Inc._____   Case number (if known)_24-42483___
        Name

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | | Amount of claim |
|---|---|---|---|

**3.1** **Nonpriority creditor's name and mailing address**
Alifanz & Westlind LLC
13610 NW Riverview Dr

Portland, OR 97231

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☑ Disputed
**Basis for the claim:** Legal

$ 1,849.00

**Date or dates debt was incurred** 11/21/2023 21:44
**Last 4 digits of account number** _____

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.2** **Nonpriority creditor's name and mailing address**
Ameritas Life Insurance Corp
PO Box 650730

Dallas, TX 75265-0730

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** Employee benefits

$ 866.00

**Date or dates debt was incurred** 6/4/2024 13:32
**Last 4 digits of account number** _____

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.3** **Nonpriority creditor's name and mailing address**
Arrow Sanitary Service (WASTE CONNECTIONS) - Little Big Burger Alberta
PO Box 51006

Los Angeles, CA 90051-5306

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** Trash

$ 513.00

**Date or dates debt was incurred** 1/25/2024 22:10
**Last 4 digits of account number** _____

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.4** **Nonpriority creditor's name and mailing address**
Arthur J. Gallagher Risk Management Services, Inc. - Chanticleer Holdings
PO Box 532143

Atlanta, GA 30353

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** Executory Contract - Insurance

$ 37,930.00

**Date or dates debt was incurred** 7/5/2023 13:46
**Last 4 digits of account number** _____

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.5** **Nonpriority creditor's name and mailing address**
Barran Liebman LLP
601 SW 2nd Avenue, Ste 2300

Portland, OR 97204

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** Unsecured - Attorney Fees

$ 42,139.00

**Date or dates debt was incurred** 7/9/2024 11:03
**Last 4 digits of account number** _____

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.6** **Nonpriority creditor's name and mailing address**
Barton LLP c/o Deborah Avaro
217 Keeter Rd

Waynesville, NC 28786

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** Legal

$ 7,245.00

**Date or dates debt was incurred** 10/1/2023 21:36
**Last 4 digits of account number** _____

**Is the claim subject to offset?**
☑ No
☐ Yes

---

Debtor  Amergent Hospitality Group, Inc.                     Case number (if known) 24-42483
        Name

## Part 2:   Additional Page

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
|---|---|

### 3.7  Nonpriority creditor's name and mailing address

Blanchard Training Development, Incorporated
125 State Pl

Escondido, CA 92029-1323

**As of the petition filing date, the claim is:**
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Credit Card Debt

$ 12,748.00

**Is the claim subject to offset?**
☑ No
❑ Yes

Date or dates debt was incurred   4/27/2023 10:19

Last 4 digits of account number   _____

### 3.8  Nonpriority creditor's name and mailing address

Blue Cross Blue Shield of North Carolina -
Chanticleer Holdings
PO Box 580017

Charlotte, NC 28258-0017

**As of the petition filing date, the claim is:**
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Prepaid Health Insurance

$ 0.00

**Is the claim subject to offset?**
✔ No
❑ Yes

Date or dates debt was incurred   5/1/2018 9:55

Last 4 digits of account number   _____

### 3.9  Nonpriority creditor's name and mailing address

Budderfly Inc,
2 Trap Falls Road
Suite 310
Shelton, CT 6484

**As of the petition filing date, the claim is:**
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Credit Card Debt

$ 3,687.00

**Is the claim subject to offset?**
✔ No
❑ Yes

Date or dates debt was incurred   6/16/2024 16:01

Last 4 digits of account number   _____

### 3.10  Nonpriority creditor's name and mailing address

Burford Perry, LLP
909 Fannin Street
Suite 260
Houston, TX 77010

**As of the petition filing date, the claim is:**
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Legal

$ 4,080.00

**Is the claim subject to offset?**
☑ No
❑ Yes

Date or dates debt was incurred   5/19/2023 13:13

Last 4 digits of account number   _____

### 3.11  Nonpriority creditor's name and mailing address

C&H Capital Inc. - Chanticleer Holdings
2020 Stone Meadow Way

Cumming, GA 30041

**As of the petition filing date, the claim is:**
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Executory Contract

$ 65,000.00

**Is the claim subject to offset?**
✔ No
❑ Yes

Date or dates debt was incurred   4/27/2023 10:21

Last 4 digits of account number   _____

Official Form 206E/F          **Schedule E/F: Creditors Who Have Unsecured Claims**          page 3 of 10

Debtor  Amergent Hospitality Group, Inc.                              Case number (if known) 24-42483
        Name

| Part 2: | Additional Page |

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |

**3.12 Nonpriority creditor's name and mailing address**

Centerpoint Energy
PO Box 4981

Houston, TX 77210-4981

**As of the petition filing date, the claim is:**
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Gas

$ 1,018.00

**Is the claim subject to offset?**
☑ No
❑ Yes

**Date or dates debt was incurred**  5/19/2023 12:32

**Last 4 digits of account number**  _____

---

**3.13 Nonpriority creditor's name and mailing address**

Chatterbox Media (Pty) Ltd - Chanticleer
Holdings
The Core Building, 3rd Floor, ICT Avenue

Ebene, PR

**As of the petition filing date, the claim is:**
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Executory Contract - Website

$ 37,678.00

**Is the claim subject to offset?**
✔ No
❑ Yes

**Date or dates debt was incurred**  4/27/2023 10:21

**Last 4 digits of account number**  _____

---

**3.14 Nonpriority creditor's name and mailing address**

Cherry Bekaert LLP - Chanticleer Holdings, Inc.
PO Box 25549

Richmond, VA 23260-5500

**As of the petition filing date, the claim is:**
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Unsecured - Auditors

$ 120,706.00

**Is the claim subject to offset?**
✔ No
❑ Yes

**Date or dates debt was incurred**  1/23/2024 15:39

**Last 4 digits of account number**  _____

---

**3.15 Nonpriority creditor's name and mailing address**

Corporate Creations International Inc. -
Chanticleer Holdings
801 US Highway 1

North Palm Beach, FL 33408

**As of the petition filing date, the claim is:**
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Credit Card Debt

$ 54.00

**Is the claim subject to offset?**
☑ No
❑ Yes

**Date or dates debt was incurred**  4/27/2023 10:23

**Last 4 digits of account number**  _____

---

**3.16 Nonpriority creditor's name and mailing address**

D'Andrea & Associates, Ltd
53 W Jackson Blvd, Ste 260

Chicago, IL 60604

**As of the petition filing date, the claim is:**
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Professional Fees - Other

$ 0.00

**Is the claim subject to offset?**
✔ No
❑ Yes

**Date or dates debt was incurred**  5/19/2023 20:59

**Last 4 digits of account number**  _____

Debtor _Amergent Hospitality Group, Inc._____   Case number _(if known)_ _24-42483_
         Name

| **Part 2:** | **Additional Page** |
|---|---|

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | **Amount of claim** |
|---|---|

---

**3.17** **Nonpriority creditor's name and mailing address**

DT Marketing - Chanticleer Holdings
200 Spectrum Center Dr, Ste 300

Irvine, CA 92618

**As of the petition filing date, the claim is:**
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Unsecured - Advertising

$25,089.00

**Is the claim subject to offset?**
☑ No
❑ Yes

| Date or dates debt was incurred | 4/27/2023 10:24 |
| Last 4 digits of account number | |

---

**3.18** **Nonpriority creditor's name and mailing address**

Eblen Freed
1040 NE 44th Avenue
Suite 4
Portland, OR 97213

**As of the petition filing date, the claim is:**
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Unsecured - Attorney Fees

$2,264.00

**Is the claim subject to offset?**
✔ No
❑ Yes

| Date or dates debt was incurred | 9/2/2022 14:19 |
| Last 4 digits of account number | |

---

**3.19** **Nonpriority creditor's name and mailing address**

Ecton Law Firm PA
7911 Broad River Rd, Ste 100

Irmo, SC 29063

**As of the petition filing date, the claim is:**
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Unsecured - Attorney Fees

$22,500.00

**Is the claim subject to offset?**
✔ No
❑ Yes

| Date or dates debt was incurred | 4/27/2023 10:27 |
| Last 4 digits of account number | |

---

**3.20** **Nonpriority creditor's name and mailing address**

Elliott Davis Decosimo PLLC
PO Box 6286

Greenville, SC 29606

**As of the petition filing date, the claim is:**
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Accounting

$60,600.00

**Is the claim subject to offset?**
☑ No
❑ Yes

| Date or dates debt was incurred | 1/23/2024 16:21 |
| Last 4 digits of account number | |

---

**3.21** **Nonpriority creditor's name and mailing address**

Equisolve, Inc. - Chanticleer Holdings
2455 E. Sunrise Blvd
Suite 1201
Fort Lauderdale, FL 33304

**As of the petition filing date, the claim is:**
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** G&A Advertising/Marketing

$998.00

**Is the claim subject to offset?**
✔ No
❑ Yes

| Date or dates debt was incurred | 10/15/2022 12:59 |
| Last 4 digits of account number | |

---

Debtor _Amergent Hospitality Group, Inc._____ Case number _(if known)_ _24-42483_

Name

| Part 2: | Additional Page |
|---|---|

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
|---|---|

**3.22 Nonpriority creditor's name and mailing address**

Franchise India Ventures Pvt. Ltd
405-B Pinnacle Tower Surajkund Road

**As of the petition filing date, the claim is:**
_Check all that apply._
❑ Contingent
❑ Unliquidated
❑ Disputed

$ 7,700.00

**Basis for the claim:** Professional Fees - Other

**Is the claim subject to offset?**
☑ No
❑ Yes

Date or dates debt was incurred     7/9/2022 16:27

Last 4 digits of account number     _____

**3.23 Nonpriority creditor's name and mailing address**

Hamilton Stephens Steele & Martin, PLLC
525 N Tryon Street #1400

Charlotte, NC 28202

**As of the petition filing date, the claim is:**
_Check all that apply._
❑ Contingent
❑ Unliquidated
❑ Disputed

$ 11,606.00

**Basis for the claim:** Unsecured - Attorney Fees

**Is the claim subject to offset?**
✔ No
❑ Yes

Date or dates debt was incurred     1/25/2022 18:12

Last 4 digits of account number     _____

**3.24 Nonpriority creditor's name and mailing address**

IPFS Corporation - Chanticleer Holdings
24722 Network Place

Chicago, IL 60673-1247

**As of the petition filing date, the claim is:**
_Check all that apply._
❑ Contingent
❑ Unliquidated
❑ Disputed

$ 67,116.00

**Basis for the claim:** Insurance Finance

**Is the claim subject to offset?**
✔ No
❑ Yes

Date or dates debt was incurred     5/12/2021 18:26

Last 4 digits of account number     _____

**3.25 Nonpriority creditor's name and mailing address**

Liberty Mutual Insurance
PO Box 1449

New York, NY 10116-1449

**As of the petition filing date, the claim is:**
_Check all that apply._
❑ Contingent
❑ Unliquidated
❑ Disputed

$ 65,608.00

**Basis for the claim:** Executory Contract - Insurance

**Is the claim subject to offset?**
☑ No
❑ Yes

Date or dates debt was incurred     7/10/2024 10:21

Last 4 digits of account number     _____

**3.26 Nonpriority creditor's name and mailing address**

MDLive
PO Box 65689

Tuscan, AZ 85728

**As of the petition filing date, the claim is:**
_Check all that apply._
❑ Contingent
❑ Unliquidated
❑ Disputed

$ 2,860.00

**Basis for the claim:** Health Benefits

**Is the claim subject to offset?**
✔ No
❑ Yes

Date or dates debt was incurred     4/27/2023 10:46

Last 4 digits of account number     _____

Debtor  Amergent Hospitality Group, Inc.                                 Case number (if known) 24-42483
        Name

| Part 2: | Additional Page |

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
|---|---|

**3.27  Nonpriority creditor's name and mailing address**

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street
Suite 4000
Dallas, TX 75201-6659

**As of the petition filing date, the claim is:**
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Unsecured - Attorney Fees

$ 29,037.00

**Is the claim subject to offset?**
☑ No
❑ Yes

Date or dates debt was incurred    11/13/2023 18:02
Last 4 digits of account number    _____

**3.28  Nonpriority creditor's name and mailing address**

NC Department of Revenue
PO Box 25000

Raleigh, NC 27640-0520

**As of the petition filing date, the claim is:**
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Income Taxes

$ 23,933.00

**Is the claim subject to offset?**
✔ No
❑ Yes

Date or dates debt was incurred    4/27/2023 10:45
Last 4 digits of account number    _____

**3.29  Nonpriority creditor's name and mailing address**

Oregon Oils Inc - Little Big Burger Lake Oswego
2515 NW 28th Ave

Portland, OR 97210

**As of the petition filing date, the claim is:**
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Repairs & Maintenance

$ 240.00

**Is the claim subject to offset?**
✔ No
❑ Yes

Date or dates debt was incurred    7/19/2023 19:07
Last 4 digits of account number    _____

**3.30  Nonpriority creditor's name and mailing address**

Patrick and Nicole Harkleroad
318 Ridgewood Ave

Charlotte, NC 28209

**As of the petition filing date, the claim is:**
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** unsecured - former CFO

$ 17,476.00

**Is the claim subject to offset?**
☑ No
❑ Yes

Date or dates debt was incurred    _____
Last 4 digits of account number    _____

**3.31  Nonpriority creditor's name and mailing address**

PizzaRev Acquisition LLC
222 N canal St, Third Floor

Chicago, IL 60606

**As of the petition filing date, the claim is:**
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Secured creditor

$ 1,000,000.00

**Is the claim subject to offset?**
✔ No
❑ Yes

Date or dates debt was incurred    _____
Last 4 digits of account number    _____

Official Form 206E/F              Schedule E/F: Creditors Who Have Unsecured Claims              page 7 of 10

Debtor  Amergent Hospitality Group, Inc.                                    Case number *(if known)* 24-42483
        Name

| **Part 2:** | **Additional Page** |
|---|---|

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | **Amount of claim** |
|---|---|

**3.32  Nonpriority creditor's name and mailing address**

Plave Koch PLC
12005 Sunrise Valley Drive
Suite 200
Reston, VA 20191-3492

**As of the petition filing date, the claim is:**
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Unsecured - Attorney Fees

**Is the claim subject to offset?**
☑ No
❑ Yes

Date or dates debt was incurred   4/27/2023 10:46

Last 4 digits of account number   _____

$ 12,634.00

---

**3.33  Nonpriority creditor's name and mailing address**

Portland General Electric
PO Box 4438

Portland, OR 97208

**As of the petition filing date, the claim is:**
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Electricity

**Is the claim subject to offset?**
✔ No
❑ Yes

Date or dates debt was incurred   12/23/2023 13:06

Last 4 digits of account number   _____

$ 2,858.00

---

**3.34  Nonpriority creditor's name and mailing address**

Provident Hospitality Group
1800 Valley View Lane
Suite 150
Dallas, TX 75234

**As of the petition filing date, the claim is:**
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Executory Contract - Property Management

**Is the claim subject to offset?**
✔ No
❑ Yes

Date or dates debt was incurred   1/23/2024 16:02

Last 4 digits of account number   _____

$ 23,000.00

---

**3.35  Nonpriority creditor's name and mailing address**

Securities Transfer Corporation - Chanticleer
Holdings
2901 Dallas Parkway
Ste 380
Plano, TX 75093

**As of the petition filing date, the claim is:**
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Shareholder Services

**Is the claim subject to offset?**
☑ No
❑ Yes

Date or dates debt was incurred   10/12/2017 11:15

Last 4 digits of account number   _____

$ 7,711.00

---

**3.36  Nonpriority creditor's name and mailing address**

Shield Screening LLC
PO Box 120208

Dallas, TX 75312-0208

**As of the petition filing date, the claim is:**
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Professional Fees - Other

**Is the claim subject to offset?**
✔ No
❑ Yes

Date or dates debt was incurred   5/1/2023 22:56

Last 4 digits of account number   _____

$ 293.00

---

Official Form 206E/F          **Schedule E/F: Creditors Who Have Unsecured Claims**          page 8 of 10

Debtor ____Amergent Hospitality Group, Inc.____     Case number (if known)___24-42483____
         Name

## Part 2:   Additional Page

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
|---|---|

**3.** **37** **Nonpriority creditor's name and mailing address**

STOUT RISIUS ROSS, LLC
P.O Box 71770

Chicago, IL 60694-1770

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Unsecured - Accounting Consulting

$83,599.00

**Is the claim subject to offset?**
☑ No
☐ Yes

Date or dates debt was incurred     9/27/2022 10:36

Last 4 digits of account number     _____

---

**3.** **38** **Nonpriority creditor's name and mailing address**

Thanx - Chanticleer Holdings
PO BOX 8481

Pasadena, CA 91109-8481

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Executory Contract - POS

$14,184.00

**Is the claim subject to offset?**
✔ No
☐ Yes

Date or dates debt was incurred     3/18/2024 14:30

Last 4 digits of account number     _____

---

**3.** **39** **Nonpriority creditor's name and mailing address**

The Hartford - Chanticleer Holdings
PO Box 783690

Philadelphia, PA 19178-3690

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Employee benefits

$1,715.00

**Is the claim subject to offset?**
✔ No
☐ Yes

Date or dates debt was incurred     7/21/2021 17:50

Last 4 digits of account number     _____

---

**3.** **40** **Nonpriority creditor's name and mailing address**

Truist - Avenel Financial Group, Inc.
11502 Stonebriar Dr

Charlotte, NC 28277

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Credit Card Debt

$0.00

**Is the claim subject to offset?**
☑ No
☐ Yes

Date or dates debt was incurred     10/24/2023 14:05

Last 4 digits of account number     _____

---

**3.** **41** **Nonpriority creditor's name and mailing address**

WM Corporates Services, INC. (Waste Management)
PO BOX 660345

Dallas, TX 75266-0345

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Credit Card Debt

$0.00

**Is the claim subject to offset?**
✔ No
☐ Yes

Date or dates debt was incurred     5/29/2024 17:55

Last 4 digits of account number     _____

---

Official Form 206E/F          **Schedule E/F: Creditors Who Have Unsecured Claims**          page 9 of 10

Debtor _____Amergent Hospitality Group, Inc._____          Case number (if known)_____24-42483_____
           Name

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---------|------------------------------------------------------------------|

5.  **Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | | $ 0.00 |
| 5b. **Total claims from Part 2** | 5b. | **+** | $ 1,818,534.00 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | | $ 1,818,534.00 |

**Fill in this information to identify the case:**

Debtor name ___Amergent Hospitality Group, Inc.___

United States Bankruptcy Court for the: ___Northern District of Texas___

Case number (If known): ___24-42483___          Chapter ___11___

❑ Check if this is an amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases          12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ❑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.1** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | DKOOP Properties, LLC<br>5745 SW Arrowwood Ln<br><br>Portland, OR, 97225 |
| **2.2** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| **2.3** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| **2.4** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| **2.5** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |

**Fill in this information to identify the case:**

Debtor name ___Amergent Hospitality Group, Inc._____

United States Bankruptcy Court for the:___Northern District of Texas_____

Case number (If known): ___24-42483_____

☐ Check if this is an
amended filing

Official Form 206H

# Schedule H: Codebtors

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

1. **Does the debtor have any codebtors?**

   ☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☐ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1 | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.2 | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.3 | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.4 | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.5 | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.6 | | | ☐ D<br>☐ E/F<br>☐ G |

**Fill in this information to identify the case and this filing:**

Debtor Name ___Amergent Hospitality Group, Inc._____

United States Bankruptcy Court for the: ___Northern District of Texas_____

Case number (*If known*): ___24-42483_____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

❑ Amended *Schedule* ____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

❑ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___08/13/2024___          ✖ /s/ Mike Pruitt_____
             MM / DD / YYYY                Signature of individual signing on behalf of debtor

                                 Mike Pruitt_____
                                 Printed name

                                 President_____
                                 Position or relationship to debtor

Official Form 202               **Declaration Under Penalty of Perjury for Non-Individual Debtors**