Lynnette R. Warman
Tex. Bar No. 20867940
Richard G. Grant
Tex. Bar No. 08302650
CM LAW PLLC
National Litigation Support Center
13101 Preston Road, Suite 110-1510
Dallas, Texas 75240
Telephone: 214-210-2929
Email: lwarman@cm.law
Email: rgrant@cm.law

ATTORNEYS FOR DEBTOR

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| AMERGENT HOSPITALITY GROUP, INC.; et al.,[1] | § | Case No. 24-42483-MXM-11 |
| | § | (Jointly Administered) |
| | § | Chapter 11 |
| Debtors. | § | |

**<u>MOTION FOR INTERIM AND FINAL ORDERS EXTENDING THE TIME TO ASSUME OR REJECT NONRESIDENTIAL REAL PROPERTY LEASES</u>**

**NO HEARING WILL BE HELD ON THIS APPLICATIONUNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. 10TH STREET, ROOM 147, FORT WORTH, TEXAS 76102 BEFORE CLOSE OF BUSINESS ON NOVEMBER 14, 2024, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON THE UNDERSIGNED COUNSEL FOR MOVANTS PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON THIS APPLICATION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMEDTO BE UNOPPOSED,**

---

[1] The jointly administered debtors are Amergent Hospitality Group, Inc. (24-42483); I10/I20 Cuisine LLC (24-42482); LBB Acquisition, LLC (24-42484); LBB Acquisition 1 LLC (24-42485); LBB Platform LLC (24-42487); LBB Lake Oswego LLC (24-42489); LBB Progress Ridge LLC (24-42490); Noveno LLC (Alberta) (24-42491); Quinto LLC (Division) (24-42492); Sexto LLC (Waterfront) (24-42493); and Cuarto LLC (24-42494).

**AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF
SOUGHT**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by

and through their undersigned counsel, hereby file this motion (the "Motion") for entry of a final

order, substantially in the form attached hereto as **Exhibit A**, pursuant to Section 365(d)(4) of

title 11 of the United States Code (the "Bankruptcy Code") extending the deadline within which

the Debtors may assume or reject its unexpired leases of nonresidential real property

(collectively, the "Leases") by ninety (90) days from November 15, 2024 through and including

February 13, 2025. In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court

pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.  On July 18, 2204 (the "Petition Date"), the Debtors filed petitions for relief under

Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing

their property as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy

Code.

3.  A description of the Debtors' business and the reasons for the filing of these

Chapter 11 cases are set forth in the first day declaration of Preston Miller (the "First Day

Declaration"), which was filed on the Petition Date and is fully incorporated herein by reference.

4.  The Debtors are parties to 11 Leases for restaurant locations, each of which is

described in **Exhibit B** attached hereto. The Leases are valuable assets of the estates in that they

represent the primary ability of the Debtors to generate earnings. The Debtors are currently in the process of marketing the brands and restaurant locations for sale. However, that process is not complete. Accordingly, the Debtors request additional time to evaluate which of the Leases can be assumed and assigned or must be rejected.

## **RELIEF REQUESTED**

5.      The Debtors request a final order pursuant to Section 365(d)(4) of the Bankruptcy Code extending the deadline (the "Assumption Deadline") within which the Debtors may assume or reject the Leases by ninety (90) days from November 15, 2024 through and including February 13, 2025. The Debtors further request entry of an interim order in the form attached hereto as **Exhibit A1** extending the Assumption Deadline through any hearing required on the entry of a final order hereunder.

## **BASIS FOR RELIEF**

6.      Section 365(d)(4) of the Bankruptcy Code provides:

> (a)      Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
> (i)      the date that is 120 days after the date of the order for relief; or
> (ii)      the date of the entry of an order confirming a plan.
> (b)      (i)      The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
> (ii)      If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4)(A)-(B). In determining whether cause exists under Section 365(d)(4) to extend the deadline for a debtor to assume or reject nonresidential leases, courts consider the following factors:

(A)    Whether the debtor was paying for the use of the property;

(B)    Whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code;

(C)    Whether the lease is the debtor's primary asset; and

(D)    Whether the debtor has had sufficient time to formulate a plan of reorganization.

*South St. Seaport Ltd. P'shp. v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761 (2d Cir. 1996) (citations omitted); *see also Channel Home Ctrs Inc*., 989 F.2d 682, 689 (3d Cir. 1993) ("nothing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop"). This list is not exhaustive, and, in some cases, additional factors may warrant consideration such as the complexity of the case, the number of leases, and the need for judicial determination of whether a lease exists. *Burger Boys*, 94 F.3d at 761.

7.    Here, there is more than sufficient cause to extend the deadline. The Debtors are continuing to make payments of postpetition rents in accordance with Section 365(d)(3) of the Bankruptcy Code.  All postpetition rent has been paid in the postpetition month in which it accrues.[2]  Furthermore, the Debtors' continued occupation would not damage the lessor parties to the Leases. The Debtors have and will continue to perform their undisputed postpetition obligations under the Leases.  The Leases are also valuable assets of the Debtors' estates and are essential to the Debtors' business.

---

[2] An exception is the Boudreaux's Willowbrook lease, where no postpetition rent has been paid.  The Debtor is currently in discussions with the landlord thereof on an agreed order regarding the disposition of this location.  If an extension is sought to be granted with respect to Willowbrook, the Debtor will seek consent of the Landlord.

8.      The Debtors are in the early stages of their bankruptcy cases and, due to the withdrawal of its proposed DIP lender, have not had sufficient time to market the brands and lease locations or to formulate a plan. The Debtors need additional time to evaluate the Leases and their business operations.

9.      For the reasons set forth above, the Debtors respectfully submit that cause exists to extend the deadline to assume or reject the Leases as requested herein.

## PROCEDURE

10.     No previous request for the relief sought herein has been made to this or any other Court.

11.     Notice of this Motion has been provided as described below to each of the Landlords and to the Short Service List established in this case.  Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Debtors respectfully request the entry of an order (i) substantially in the form annexed hereto as **Exhibit A** and (ii) granting such other and further relief as the Court may determine to be just and proper.

Dated: October 24, 2024                       Respectfully Submitted,

                                              CM LAW PLLC


                                              By:    /s/ Richard Grant
                                                     Lynnette R. Warman
                                                     Texas Bar No. 20867940
                                                     Richard G. Grant
                                                     Tex. Bar No. 08302650

                                              National Litigation Support Center
                                              13101 Preston Road, Suite 110-1510
                                              Dallas, Texas 75240
                                              Telephone: 214-210-2929
                                              Email: lwarman@cm.law
                                              Email: rgrant@cm.law

                                              ATTORNEYS FOR DEBTORS IN
                                              POSSESSION

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that he has transmitted a true and correct copy of the foregoing (a) via the Court's Electronic Case Filing system to all persons participating therein on October 24, 2024; (b) via United States First Class Mail, postage prepaid, on October 24, 2024 to each of the mailing addresses indicated on the service list attached hereto (the "Short Service List") and also to the mailing addresses for the Landlords indicated on Exhibit B attached hereto (the "Landlord Service List"); and (c) via electronic mail on October 24, 2024 to the email addresses indicated on the Short Service List and the Landlord Service List.


                                              /s/ Richard Grant
                                              Richard G. Grant

**<u>Exhibit A</u>**
**<u>Proposed Final Order</u>**

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| AMERGENT HOSPITALITY GROUP, INC.; | § | Case No. 24-42483-MXM-11 |
| et al.,[3] | § | (Jointly Administered) |
| | § | Chapter 11 |
| Debtors. | § | |

**FINAL ORDER EXTENDING THE TIME TO
ASSUME OR REJECT NONRESIDENTIAL REAL PROPERTY LEASES**

Upon the motion, dated October 24, 2024 (the "Motion"), of the above-captioned debtors

and debtors in possession (the "Debtors"), for entry of an order, pursuant to Section 365(d)(4) of

title 11 of the United States Code (the "Bankruptcy Code"), extending the deadline within which

---

[3] The jointly administered debtors are Amergent Hospitality Group, Inc. (24-42483); I10/I20 Cuisine LLC (24-42482); LBB Acquisition, LLC (24-42484); LBB Acquisition 1 LLC (24-42485); LBB Platform LLC (24-42487); LBB Lake Oswego LLC (24-42489); LBB Progress Ridge LLC (24-42490); Noveno LLC (Alberta) (24-42491); Quinto LLC (Division) (24-42492); Sexto LLC (Waterfront) (24-42493); and Cuarto LLC (24-42494).

the Debtors may assume or reject its unexpired leases of nonresidential real property by ninety

(90) days, as more fully described in the Motion; and the Court having jurisdiction to consider

the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and that venue of this proceeding and the Motion is proper pursuant to 28

U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion, and the hearing thereon,

having been provided, and it appearing that no other or further notice need be provided; and the

Court having held a hearing on the Motion (the "Hearing"); and the Court having determined that

the relief requested in the Motion is appropriate pursuant to 11 U.S.C. § 365(d)(4); and the Court

having found and determined that the legal and factual bases set forth in the Motion and at the

Hearing establish just cause for the relief granted herein; and upon all of the proceedings had

before the Court; and after due deliberation and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

1.      The Debtors are hereby GRANTED an extension of the period within which the

Debtors may assume or reject the Debtors' unexpired leases of nonresidential real property

(under which the Debtors are lessees) by an additional 90 days, up to and including February 13,

2025 without prejudice to the Debtors' right to seek further extensions with the consent of the

affected lessors as contemplated by 11 U.S.C. § 365(d)(4)(B)(ii).

2.      This Court shall retain jurisdiction with respect to all matters arising from or

related to the implementation of this Order.

**\*\*\* END OF ORDER \*\*\***

Submitted by:

Richard G. Grant
CM LAW PLLC
National Litigation Support Center
13101 Preston Road, Suite 110-1510
Dallas, Texas 75240
Telephone: 214-210-2929
Email: rgrant@cm.law

COUNSEL FOR
DEBTORS IN POSSESSION

**<u>Exhibit A1</u>**
**<u>Proposed Interim Order</u>**

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| AMERGENT HOSPITALITY GROUP, INC.; | § | Case No. 24-42483-MXM-11 |
| et al.,[4] | § | (Jointly Administered) |
| | § | Chapter 11 |
| Debtors. | § | |

## **<u>INTERIM ORDER EXTENDING THE TIME TO<br>ASSUME OR REJECT NONRESIDENTIAL REAL PROPERTY LEASES</u>**

Upon the motion, dated October 24, 2024 (the "Motion"), of the above-captioned debtors

and debtors in possession (the "Debtors"), for entry of an interim order, pursuant to Section

365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code"), extending the deadline

within which the Debtors may assume or reject its unexpired leases of nonresidential real

property by ninety (90) days, as more fully described in the Motion; and the Court having

---

[4] The jointly administered debtors are Amergent Hospitality Group, Inc. (24-42483); I10/I20 Cuisine LLC (24-42482); LBB Acquisition, LLC (24-42484); LBB Acquisition 1 LLC (24-42485); LBB Platform LLC (24-42487); LBB Lake Oswego LLC (24-42489); LBB Progress Ridge LLC (24-42490); Noveno LLC (Alberta) (24-42491); Quinto LLC (Division) (24-42492); Sexto LLC (Waterfront) (24-42493); and Cuarto LLC (24-42494).

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334; it is HEREBY ORDERED THAT:

1.    The Debtors are hereby GRANTED an extension of the period within which the

Debtors may assume or reject the Debtors' unexpired leases of nonresidential real property

(under which the Debtors are lessees) through entry of an order following final hearing on the

Motion.

2.    This Court shall retain jurisdiction with respect to all matters arising from or

related to the implementation of this Order.

**\*\*\* END OF ORDER \*\*\***

Submitted by:

Richard G. Grant
CM LAW PLLC
National Litigation Support Center
13101 Preston Road, Suite 110-1510
Dallas, Texas 75240
Telephone: 214-210-2929
Email: rgrant@cm.law

COUNSEL FOR
DEBTORS IN POSSESSION

**Exhibit B - Lease Information**

| Store | Tenant | Alt Name | Brand | Location | Landlord | Street 1 | Street 2 | City | State | Zip | Email | Counsel email |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 501 - Little Big Burger Alberta | Noveno LLC | Noveno | LBB | 2038 NE Alberta St Portland, OR  97211 | PDX Metro Commercial, LLC. - Little Big Burger Alberta | 2105 NE Cesar E Chevez Blvd | Suite #220 | Portland | OR | 97212 | cgilbert@windermere.com | |
| 503 - Little Big Burger Division | Quinto LLC | Quinto | LBB | 3810 SE Division St Portland, OR  97202 | Affinity Property Management - Little Big Burger Division | 6520 Earl Avenue NW | | Seattle | WA | 98117 | tim@overlandrealestate.net | |
| 504 - Little Big Burger Eugene | Cuarto LLC | Cuarto | LBB | 1404 Orchard St Suite B Eugene,  OR  97403 | Courtside - UCAL, LLC - Little Big Burger Eugene | 1425 Villard St | | Eugene | OR | 97403 | Dennis.Dayan@gsagroup.com | burrerk@gtlaw.com |
| 512 - Little Big Burger Platform | LBB Platform, LLC | Orenco | LBB | 940 NE Orenco Station Loop  Hillboro, OR 97214 | Hub 9 - Little Big Burger Platform | 1111 Main Street, Suite 700 | | Vancouver | WA | 98660 | mholtze@hollandpartnergroup.com | |
| 513 - Little Big Burger Progress Ridge | LBB Progress Ridge, LLC | | LBB | 12345 SW Horizon Blvd., Ste 41  Beaverton, OR 97007 | DSRG LP - Little Big Burger Progress Ridge | DSRG - Progress Ridge | PO BOX 664001 | Dallas | TX | 75266 | jalexander@sussmanshank.com | |
| 517 - Little Big Burger Waterfront | Sexto LLC | Sexto | LBB | 3720 SW Bond Ave Portland, OR  97239 | The Ardea - Mept 3720 Portland - Little Big Burger Waterfront | 3720.SW Bond Ave. #150 | | Portland | OR | 97239 | ardeamgr@greystar.com; MikeA@secprop.com | Garrett.Ledgerwood@millernash.com |
| 518 - Little Big Burger Lake Oswego | LBB Lake Oswego LLC | | LBB | 3 Monroe Parkway, Suite 300T  Lake Oswego, OR 97035 | RREEF AMERICA REIT  II CORP GG - Little Big Burger Lake Oswego | 19350 NW Emma Way, Hillsboro, OR 97124; 200 Crescent Crt #510, Dallas, TX 75201 | | | | | michele.baker@am.jll.com | zarnighiann@ballardspahr.com |
| 701 - Boudreaux West Loop | I10/I20 Cuisine LLC | Galleria | BCK | 5475 W. Loop South Suite 100, Houston TX | Pin Oak LTD | 8554 KATY FREEWAY #301 | | HOUSTON | TX | 77024 | bernice@freewayproperties.net | jsd@aol.com |
| 702 - Boudreaux Woodridge | I10/I20 Cuisine LLC | Gulfgate | BCK | 100 Gulfgate Mall, Houston, TX 77087 | Houston Gulfgate Partners, L.P. | PO BOX 203354 | | DALLAS | TX | 75320-3354 | htaylor@wulfe.com | eric.haitz@bondsellis.com |
| 703 - Boudreaux Willowbrook | I10/I20 Cuisine LLC | Tomball | BCK | 17595 Tomball Pkwy., Houston TX 77064 | Willowbrook I Limited Partnership | 6372 Santa Monica Blvd | | Los Angeles | CA | 90038 | ncramer@newquest.com | ikennedy@nathansommers.com |
| 401 - Jaybee's Chicken Palace | Amergent Hospitality Group Inc. | | JB | 11875 N Jantzen Dr Portland,  OR  97217 | DKOOP Properties, LLC | 5745 SW Arrowwood Ln | | Portland | OR | 97225 | dkoop@comcast.net | kswan@bittner-hahs.com |
| 403 - The Nest | Amergent Hospitality Group Inc. | | JB | 11875 N Jantzen Dr Portland,  OR  97217 | DKOOP Properties, LLC | 5745 SW Arrowwood Ln | | Portland | OR | 97225 | dkoop@comcast.net | kswan@bittner-hahs.com |
| 405 - The Roost | Amergent Hospitality Group Inc. | | JB | 11875 N Jantzen Dr Portland,  OR  97217 | DKOOP Properties, LLC | 5745 SW Arrowwood Ln | | Portland | OR | 97225 | dkoop@comcast.net | kswan@bittner-hahs.com |