

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 21, 2025**

_____
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| AMERGENT HOSPITALITY GROUP, INC.; et al.,[1] | § § § | Case No. 24-42483-MXM-11 (Jointly Administered) Chapter 11 |
| Debtors. | § § | |

## ORDER CONFIRMING FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF AMERGENT HOSPITALITY GROUP, INC. AND ITS JOINTLY ADMINISTERED DEBTORS DATED SEPTEMBER 2, 2025 (PERTAINS TO DOCKET NOS. 269)

On October 21, 2025 at 1:30 p.m., the Court conducted a confirmation hearing (the "Hearing") on the *First Amended Joint Chapter 11 Plan of Liquidation of Amergent Hospitality Group, Inc. and Its Jointly Administered Debtors dated September 2, 2025* (ECF 269, as

---

[1] The jointly administered debtors ("Debtors") are Amergent Hospitality Group, Inc. (24-42483); I10/I20 Cuisine LLC (24-42482); LBB Acquisition, LLC (24-42484); LBB Acquisition 1 LLC (24-42485); LBB Platform LLC (24-42487); LBB Lake Oswego LLC (24-42489); LBB Progress Ridge LLC (24-42490); Noveno LLC (Alberta) (24-42491); Quinto LLC (Division) (24-42492); Sexto LLC (Waterfront) (24-42493); and Cuarto LLC (24-42494).

modified, amended, restated and supplemented, the "Plan"), as supplemented by the *Notice of Supplement to Joint Plan* (ECF 271), submitted by the Debtors. No parties timely objected to confirmation of the Plan. The Debtor appeared at the Hearing and presented evidence and argument in support of Plan confirmation.

Based upon a review of the Plan itself, other pleadings filed in the Debtor's Chapter 11 case, the Court's own Docket, the evidence adduced at trial, and the arguments of counsel, the Court finds and concludes that (a) the Court has jurisdiction to consider the matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(1) and that this is a core matter pursuant to 11 U.S.C. § 157(b)(2)(A) and (L); (b) the Debtors adequately provided notice of the Plan, the deadlines for balloting and objection to confirmation, and notice of the Hearing to all known creditors and parties in interest; (c) the Plan and the Debtors have satisfied the requirements of 11 U.S.C. §§1122, 1123, 1125 and 1129 and all other provisions of Title 11 necessary for confirmation of the Plan and the Plan should be confirmed; and therefore ORDERS, ADJUDGES and DECREES a follows:

1. The Plan complies with all applicable provisions of the Bankruptcy Code and applicable Bankruptcy Rules relating to confirmation and is hereby CONFIRMED under 11 U.S.C. §§ 1129(a) and (b).

2. The provisions of the Plan are binding upon the Debtor, creditors, and all parties in interest.

3. In accordance with 11 U.S.C. § 1142, the Debtor is authorized and directed without the need for any further approval to immediately take any action necessary or appropriate to implement, effectuate, and consummate the Plan and any transactions contemplated thereby or by this Order in accordance with their respective terms. Mike Pruitt, individually, shall act as the Plan Trustee and is authorized to perform as such under the Plan.

4. *Rewards Network.* Notwithstanding anything to the contrary in the Plan, Rewards Network's Allowed Secured Claim in the amount of $90,000 will be classified in Class 1 of each of the LBB Debtors and shall be satisfied in full by payment of a single lump-sum in the amount of $90,000 upon the Effective Date. Notwithstanding anything to the contrary in the Plan, Rewards Network's Allowed Unsecured Claims (i) against BCK in the amount of $95,542.39, and (ii) against the LBB Debtors in the amount of $14,294.20 shall be classified in Class 3. Pursuant to the Plan, Class 3 shall receive on the Initial Distribution Date, or as soon thereafter as is practicable, and on subsequent Distribution Dates as specified in the Trust Agreement, a Pro Rata Distribution of the Net Available Proceeds under the Plan until such time as the Allowed amount of such Claim is paid in full.

5. In the event of any conflict between this Confirmation Order and the provision of the Plan, the provisions of this Confirmation Order shall prevail.

6. The Court retains jurisdiction to resolve any disputes regarding the interpretation or enforcement of the Plan and this Confirmation Order.

*** END OF ORDER ***

Submitted by:

Richard G. Grant
CM LAW PLLC
National Litigation Support Center
13101 Preston Road, Suite 110-1510
Dallas, Texas 75240
Telephone: 214-210-2929
Email: rgrant@cm.law

COUNSEL FOR
DEBTORS IN POSSESSION